[Gravett v. The State.]

# Gravett v. The State.

## Violating Prohibition Law.

(Decided June 11, 1914.   65 South. 850.)

1. *Criminal Law; Abatement; Indictment; Affidavit.*—The pendency in the county court of a prosecution commenced by affidavit furnishes no ground for abating a prosecution subsequently commenced by indictment in the circuit court for the same offense.

2. *Appeal and Error; Review; Matters Presented*—Where the record did not show that questions, to which objections were interposed were ever answered, no error can be predicated upon the overruling of such objection.

3. *Same; Objections Below.*—Where a general objection was interposed to a mass of testimony, the admission of such testimony is not error unless all of such testimony was inadmissible.

4. *Trial; Objections to Evidence; Time.*—Where no objection to a question was made until after it was answered, error cannot be predicated upon an answer that is responsive to the question.

5. *Charge of Court; Reasonable Doubt.*—Where the state had introduced evidence that defendant was present at a still, as one of the circumstances tending to show that he had manufactured prohibited liquor within the limitation period of the prosecution, a charge asserting that defendant should be acquitted unless the jury believed beyond a reasonable doubt that his presence at the still was for the purpose of making such liquor, was properly refused.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Cicero Gravett was convicted of violating the prohibition law in that he manufactured or aided in manufacturing intoxicating liquors, and he appeals.   Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.   The objections to evidence were not sufficient to authorize a court to review it.—*Thornton v. State,* 113 Ala. 43; *Jenkins v. State,* 82 Ala. 28.   The court properly refused the

charges requested.—*Collins v. State,* 152 Ala. 90; *Fielding v. State,* 135 Ala. 56; *Barker v. State,* 126 Ala. 33.

THOMAS, J.—The pendency in the county court of a prosecution, commenced by affidavit and warrant, furnishes no ground for abating a prosecution subsequently commenced by indictment in the circuit court for the same offense; and the latter court consequently committed no error in sustaining in this case a motion to strike defendant's plea in abatement setting up such facts, on the ground that such plea was frivolous.— *White v. State,* 86 Ala. 74, 5 South. 674.

We find in the record only four objections and exceptions taken by the defendant to the action of the trial court with respect to its rulings on the evidence. Two of these were objections to questions, and though the record recites that the objection, in each instance, was overruled, it does not show that either of the questions was ever answered; hence no ground for complaint is shown by defendant in either of these particulars.

The other two objections were, respectively, as to answers, made by two of the state's witnesses, which answers are recited in the record in narrative form, the questions calling them forth being omitted. This narrative recital of the testimony of each of these witnesses is broken in its midst by the parenthetical statement: "Defendant objects. Objection overruled and defendant duly excepts." Nothing more need be said in sustaining the action of the lower court than that the objection in neither instance pointed out with any degree of particularity the testimony at which it was aimed. So far as appears from the record, it aimed at all the testimony of the witness recited in the narrative preceding the taking of the objection. If any part of such testimony was good—it cannot be doubted that some part of it was

[Gravett v. The State.]

—then the objection is unavailing. Besides, the well-settled rule is that, in order to put the trial court in error for overruling an objection to an answer that is responsive to the question, the question must have first been objected to. It neither appears here what the question or questions were, nor that it or they were objected to.

Charges 1 and 2, refused to defendant, were each properly refused. Each asserted in effect that, unless the jury believed beyond a reasonable doubt that the defendant was at the still for the purpose of making spirituous, vinous, or malt liquors, he should be acquitted. His presence at the still was proved by the state as a circumstance tending to connect him with the ownership or operation of that still, where the other circumstances proved furnished an inference that prohibited liquors had recently before that been made or manufactured, if not being then made or manufactured; and if the jury believed beyond a reasonable doubt from the evidence that the defendant was interested in the ownership or operation of that still at which prohibited liquors had been made or manufactured by him, or with his aid or by his abetment, within 12 months before the commencement of the prosecution, defendant would be guilty, notwithstanding his presence at the still on some particular occasion was not for the purpose of making, or aiding or abetting in making, such liquors, and notwithstanding no liquors were in fact made or manufactured on such occasion.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.