# A. J. HENSLEY v. STATE.

No. A-5466.  Opinion Filed May 15, 1926.
Rehearing Denied May 29, 1926.
(246 Pac. 886.)

Mathers & Coakley, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Jef-

ferson county on a charge of grand larceny and sentenced
to serve a term of five years in the state penitentiary.

The information alleges: ·

The defendant did take, steal, and carry away certain
property, describing it, "all of said property being of the
reasonable market value of $68, and being the property of
—— Pollard of Carter county, Okla., * * * and the said
property after being stolen as aforesaid was brought into
Jefferson county, Okla., and disposed of, contrary to the
form of the statute in such cases made and provided, etc."

No demurrer was filed to the information or objection
to the introduction of evidence made.

The evidence discloses that C. O. Pollard was in the
automobile accessory business in the town of Wirt, Carter
county, near the line between that county and Jefferson
county. On the night of June 17, 1923, his place of busi-
ness was burglarized and some automobile tires and other
property taken. About 10 days later this property was
found in the possession of one Frank Enoch, at Hastings,
Jefferson county. Enoch had served a term in the peni-
tentiary for stealing. He testified for the state that he pur-
chased the stolen property from defendant at a price be-
low its value. Defendant did not testify, but offered evi-
dence tending to prove an alibi. He was arrested in Jeffer-
son county, taken to Carter county, lodged in jail and
charges preferred against him there for the larceny. He
later made an appearance bond and returned to Jefferson
county. He was there arrested, charged with the same
crime. On June 11th the case came to trial in Jefferson
county, and the defendant filed the following motion:

"Comes now the defendant and moves the court to
dismiss this case for the reason this defendant is being
prosecuted in the district court of Carter county, Okla.,
for the same offense. This alleged crime, if committed
at all, was committed in Carter county, Okla., and
the defendant was first arrested in Carter county, and the

first prosecution thereupon was instituted in Carter county, and said case is still pending in Carter county, against him, and the district court of Carter county, Okla., acquired jurisdiction first and has never surrendered its jurisdiction. And this is the same charge and the same offense for which this defendant is now being prosecuted in Carter county, Okla. Whereupon this defendant prays the court to dismiss and abate this case."

This was overruled and trial followed. The defendant contends that the trial court erred in overruling this motion.

It is, of course, fundamental, that a person may not be put twice in jeopardy for the same offense. Section 21, art 2, state Constitution. Some offenses, however, are in a sense transitory and the jurisdiction to put an accused on trial is in different counties.

Sections 2433 and 2436, Comp. St. 1921, are as follows:

"Sec. 2433. When property taken in one county, by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county. But if, before the beginning of the trial of the defendant in the latter, he be indicted or information be filed against him, in the former county, the sheriff of the latter must, upon demand, deliver him to the sheriff of the former county, upon being served with a certified copy of the indictment or information, and upon a receipt indorsed thereon by the sheriff of the former county, of the delivery of the body of the defendant, and is, on filing the copy of the indictment and the receipt, exonerated from all liability in respect to the custody of the defendant. * * *

"Sec. 2436. When an offense is in the jurisdiction of two or more counties, a conviction or acquittal thereof in one county is a bar to a prosecution thereof in another."

Here the property was stolen in Carter county and brought in to Jefferson county. The jurisdiction to prosecute was in either county, and if, before trial began in Jefferson county, he had been indicted or information filed

against him in Carter county, it was the duty of the sheriff of Jefferson county, upon demand, to deliver defendant to the sheriff of Carter county. Such is the language of the statute. It will be observed that the motion or plea in abatement is not verified. It does not pretend to set out the facts necessary to confer a prior right of trial upon Carter county; that is, it does not state that the defendant has been indicted or information filed against him in Carter county, nor what the pending charge is, other than to describe it as the same offense. It does not state that any demand had been made by Carter county. No proof of the statements made in the motion or plea is tendered. It is not a sufficient plea of jeopardy. Reed v. Ter., 1 Okla. Cr. 481, 98 P. 583, 129 Am. St. Rep. 861; Loyd v. State, 6 Okla. Cr. 76, 116 P. 959; Taylor v. State, 131 Ala. 36, 31 So. 371.

In the case of Coleman v. State, 83 Miss. 290, 35 So. 937, 64 L. R. A. 807, I Ann. Cas. 406, it was held in effect, under somewhat analogous circumstances, that, where a prosecution was instituted in one county and it was later dismissed on motion of counsel for the state, and thereafter an indictment returned in another county, the proceedings in the first county were a bar to further prosecution. But the statute in that state gave jurisdiction to the county where prosecution should be first begun, which is different from the statute here.

In the case of Loyd v. State, supra, the elements of former jeopardy are defined as follows:

"A defendant cannot twice be put in jeopardy of life and liberty for the same offense, but before jeopardy attaches each of the following conditions must exist: First, the defendant must be put upon trial before a court of competent jurisdiction; second, the indictment or information against the defendant must be sufficient to sustain a conviction; third, the jury must have been impaneled and sworn to try the case; fourth, after having been impaneled and

sworn the jury must have been unnecessarily discharged by the court; fifth, such discharge of the jury must have been without the consent of the defendant. When these things concur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense."

In the case of Reed v. Ter., supra, referring to a second indictment in the same county, it was said:

"The pendency of an indictment or information against a defendant, when there has been no jeopardy upon it, cannot be pleaded, either in abatement or bar to a second indictment or information for the same offense."

Under the express language of our statute, we hold that the district court of Jefferson county had jurisdiction of the offense and might properly proceed with the trial although a prosecution was pending in Carter county, if no demand as provided by statute was made. It follows, of course, that the trial in Jefferson county constitutes a complete bar to a trial for the same offense in Carter county.

It is next argued that the evidence is insufficient to sustain the verdict. The defendant did not testify in his own behalf and the testimony of the witness Enoch that he bought the property was not denied, except by inference from the evidence of the wife of defendant. There is sufficient evidence to sustain the verdict and its weight and credibility was exclusively within the province of the jury. No reason for disturbing the judgment is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, concur.