## C. F. KERKER v. SUPERIOR COURT OF POTTAWAT-OMIE COUNTY et al.

No. A-6476.   Opinion Filed Sept. 9, 1927.
(259 Pac. 146.)

F. H. Reily and J. H. Reily, for petitioner.

Randall Pitman and Roy F. Lewis, for respondents.

EDWARDS, J.   This is an original proceeding for a writ of prohibition against the superior court of Pottawatomie county and L. G. Pitman, judge.

This cause is presented on the petition with exhibits attached, the response with exhibits, various affidavits, and certified copies of the records. From this record it appears that an information was pending in the county court of Pottawatomie county charging petitioner with having the possession of whisky with the unlawful intent to violate the prohibitory liquor law. On November 18, 1926, a motion to quash such information was presented which was sustained by the court. Thereupon the county attorney stated that he would dismiss every case on the docket, to which the county judge answered "All right." Later the county judge gave written notice to the county attorney, in substance, that if he wished to dismiss any cases he should file his dis-

missal in writing. The county attorney then filed a written dismissal of all cases pending in the county court, including the case against petitioner. So far as we can determine from the record, no action thereon was taken by the county judge, and the cases are yet on the docket of the county court. A dismissal cannot be made by the county attorney, but must be made by an order of court. Sections 2916, 2917, Comp. Stat. 1921; Smallwood v. State, 14 Okla. Cr. 125, 167 P. 1154. On November 27 the county attorney filed an information in the superior court of Pottawatomie county charging petitioner with the crime of having possession of whisky with intent to violate the prohibitory liquor law, being the identical offense in reference to which the proceedings recited had been had in the county court. Thereafter the case came on for trial in that court, the jury returned its verdict finding defendant guilty and fixing his punishment at a fine of $500 and confinement in the county jail for a term of 60 days. The court then fixed a time to pass sentence, pending which this proceeding was instituted to prohibit that court and the judge thereof from passing sentence. The question for our determination, then, is, Does the pendency of a prosecution in one court having jurisdiction of the offense constitute a bar to a prosecution in another court having concurrent jurisdiction?

The statutes of this state do not forbid a prosecution in the same court or in a different court of concurrent jurisdiction where jeopardy has not attached. Section 21, art. 2, of the state Constitution, in part reads:

"* * * Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Sections 2435, 2436, and 2290, Comp. Stat. 1921, are statutory provisions relating to jeopardy.

Jeopardy does not attach until a person is put on trial before a court of competent jurisdiction under an information or indictment sufficient in form and substance to sustain a conviction and a jury has been impaneled and sworn. In re McClaskey, 2 Okla. 568, 37 P. 854; Schreiber v. Clapp, 13 Okla. 215, 74 P. 316; Dupree v. State, 14 Okla. Cr. 369, 171 P. 489.

The statutes of some of the states have settled this question by providing that, where different courts have concurrent jurisdiction of an offense, in certain contingencies one or the other shall have exclusive jurisdiction. This is illustrated in the case of State v. Chinault, 55 Kan. 326, 40 P. 662. The question here is not that which arises where the federal court and the state court have concurrent jurisdiction of the same offense. Where that situation arises, a rule of comity is followed by which the court first acquiring jurisdiction retains it until the jurisdiction is exhausted. This was stated by Taft, C. J., in the case of Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879, where it is said:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty."

In civil cases the right of the court first acquiring jur-

isdiction is frequently regulated by statute, and the rule as announced in civil cases is not always equally applicable in criminal matters. Ewing v. Mallison, 65 Kan. 484, 70 P. 369.

The language used in some of the cases apparently bears out the contention of petitioner, but on an examination of such cases we find none directly in point. There appears to be an abundance of authority sustaining the position of respondent. In the case of Irwin v. State, 117 Ga. 706, 45 S. E. 48, it is held:

"In a criminal proceeding, the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea. Doyal v. State, 70 Ga. 134; Clark's Crim. Proc. 115, 377, 407, and cases cited; Archb. Crim. Pr. & Pl. 336; Case of Swan & Jefferies, Foster's Crown L. 105. Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted upon any one of them, he can plead such acquittal or conviction in bar of prosecution of any of the others."

The same rule is announced in Harris v. State, 11 Ga. App. 137, 74 S. E. 895.

In Commonwealth v. March (Pa.) 94 A. 142, the court in syllabus said:

"That an indictment found against accused by a previous grand jury for the same offense was undisposed of did not preclude a trial of defendant under the later indictment."

In Bartley v. State, 53 Neb. 310, 73 N. W. 744, it was held:

"In a prosecution for the crime of embezzlement, the pendency against the accused of a former information in the district court of another county, charging him with embezzlement of the same property within that county, is no ground for abatement."

The rule here announced finds support also in the following cases: Nickolopolous v. Emery, Sheriff, 59 Utah, 588, 206 P. 284; Nash v. State, 73 Ark. 399, 84 S. W. 497; Carter v. State, 44 Tex. Cr. R. 312, 70 S. W. 971; State v. Goddard, 162 Mo. 198, 62 S. W. 697; Haas v. State, 8 Ind. App. 488, 36 N. E. 54; Gravett v. State (Ala. App.) 65 So. 850. See, also, Thompson v. United States (C. C. A.) 202 F. 401, 47 L. R. A. (N. S.) 206.

This court in the case of Reed v. Territory, 1 Okla. Cr. 481, 98 P. 583, 129 Am. St. Rep. 861, held:

"(a) The fact that an indictment or information is pending against a defendant will not, of itself, prevent a grand jury from finding another indictment against the defendant for the same offense.

"(b) The pendency of an indictment or information against a defendant, when there has been no jeopardy upon it, cannot be pleaded, either in abatement or bar to a second indictment or information for the same offense.

"(c) The pendency of an indictment or information, when there has been no jeopardy upon it, cannot be set up as ground for continuance, when trial is sought on a new indictment or information presented against the defendant for the same offense."

In the body of the opinion the court said:

"* * * It is almost universally recognized that a grand jury can find a valid indictment against a defendant, notwithstanding the fact that another indictment or information is pending against the accused for the same offense, and the pendency of the other indictment or information, when there has been no jeopardy on it, cannot be pleaded either in abatement or in bar of the second indictment. The indictment having been legally returned into court, it was the duty of the court to dispose of it, just as if the information was not pending. * * *"

See, also, Hensley v. State, 34 Okla. Cr. 345, 246 P. 886.

Having reached the conclusion that the pendency of

the prior action is not a bar to a prosecution and may not be pleaded in abatement or bar to the later action it follows that the superior court might proceed to trial in the later action, and a conviction, if otherwise regular, is valid. This conviction is, of course, a bar to the action in the county court. The writ of prohibition is denied.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.