## SPEARS v. STATE.

No. A-11777. Sept. 16, 1953.

Rehearing Denied Oct. 7, 1953.

(261 P. 2d 464.)

.Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., George P. Striplin, Asst. County Atty., Tulsa County, Tulsa, for defendant in error

POWELL, P. J.    Vivian Spears has appealed from a conviction in the court of common pleas of Tulsa county of the charge of unlawful possession of intoxicating liquor.    The jury assessed the punishment to be a fine of $200, and a term of 30 days in the county jail.

The evidence developed that the defendant operated a night club at 2635 South Harvard street, Tulsa.    The only point justifying treatment involves a stipulation entered into between the county attorney and counsel for the defendant at the commencement of the trial, as follows:

"Mr. Leslie: Comes now the county attorney, Mr. George Striplin, representing the State of Oklahoma in the above and entitled cause, and Frank Leslie representing the defendant, Vivian Spears, and it is stipulated and agreed as follows:    That on the 2nd day of June, 1951, Floyd Jordan and Roy Bradshaw, two deputies from the Sheriff's office of Tulsa County, raided the premises known as 2635 South Harvard with a search warrant covering that location, and found one pint of whiskey.    That at the same time they searched an automobile that was parked on the premises at 2635 South Harvard with the search warrant for the automobile, and they found eight (8) pints and one fifth of whiskey in the automobile.    The whiskey in the house and in the automobile were found at the same time, same search, and same raid.    That thereafter they filed two separate charges in the court of common pleas, one charging the defendant with the unlawful possession of one (1) pint of whiskey, which is number 69786, and another case number 69787 charging the defendant with the unlawful possession of eight (8) pints and one fifth found in the automobile.    That on the 9th day of November, 1951, case No. 69786 came on for trial, and the case proceeded to trial, and while the jury was being selected, counsel for the State and the court disagreed over a point of law and the case was dismissed in open court.    And now this case comes on for trial, number 69787, and the defendant

moves the court to dismiss it for the reason that all of the whiskey was found at one time and one search, and one seizure, and the two cases being—not being lawfully filed against the defendant for the whiskey found at the same time, and that the county attorney has heretofore dismissed the only one case they had."

Based on the above stipulation, counsel for the defendant moved that the case be dismissed, which motion was overruled. It is now claimed that such refusal constituted reversible error, because of the fact that there was but one search warrant, and that the pint of whiskey obtained in the place of business and the eight pints and one fifth obtained from the automobile parked on the premises (and acknowledged by the defendant to have been her car, and the evidence showing that she gave the officers the keys to open it) were used as the basis for two separate charges that were filed: one covering the one pint and one covering the eight pints and one fifth gallon, and that the dismissal of the one-pint charge by the county attorney had the effect of nullifying the second charge.

No authority supporting the proposition urged is cited. The determining factor, it would appear, as to whether or not the dismissal of a charge would bar a subsequent prosecution for the same offense is whether or not jeopardy has ever attached. It is fundamental that a person may not be put twice in jeopardy for the same offense. § 21, Art. II, Okla. Const. Where jeopardy has not attached, the prosecution by reason of the absence of the necessary witnesses, or other reasons, might see fit to dismiss a charge, and on obtaining sought-for evidence, might see fit to refile the charge prior to the running of the statute of limitations. Here the dismissal or nondismissal of the one pint case could have no effect on the eight pints and one fifth gallon case, where the latter case came on for trial first. If the one pint case should be refiled, there would be time to raise the points sought to be interposed here. The principle involved is treated in the analogous case of Hensley v. State, 34 Okla. Cr. 345, 246 P. 886; Norris v. State, 68 Okla. Cr. 172, 96 P. 2d 540, and Kerker v. Superior Court of Pottawatomie County, 38 Okla. Cr. 111, 259 P. 146.

In addition to the stipulation the two officers who searched defendant's premises testified to finding the defendant in charge of the night club and car searched, and there was also introduced into evidence a certificate of the Collector of Internal Revenue, showing that defendant had purchased a current retail liquor dealer's stamp for 2635 South Harvard, the premises where the automobile was parked. The evidence amply supports the verdict and judgment.

Complaint is made as to instruction No. 10, involving "prima facie evidence". Instructions similar to the one given in this case were approved in the case of Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476 and Davenport v. State, 95 Okla. Cr. 185, 242 P. 2d 466, and such cases may be referred to for detailed treatment.

As to failure of the prosecution to introduce the liquor involved in evidence see Bryson v. State, 96 Okla. Cr. 49, 248 P. 2d 253; State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321, 322.

The argument of counsel was transcribed in full in the case-made and shows that the following statement of the county attorney was objected to on the ground that it amounted to a comment on the fact that defendant did not testify. The statement reads:

"I qualified you carefully as to following the evidence, as introduced on this stand. There has not been one bit of contradiction of my evidence."

This court has heretofore held against the contentions now urged. See Clark v. State, 91 Okla. Cr. 210, 218 P. 2d 410.

Finding no error, the case is affirmed.

JONES and BRETT, JJ., concur.