THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS QUIÑONES NATAL, Defendant and Appellant.

Nos. CR-66-191, CR-66-192.     Decided May 25, 1967.

*Antonio Reyes Delgado* and *Santos P. Amadeo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant Luis Quiñones Natal, accused and found guilty of the offenses of carrying a prohibited weapon (Violation

of § 4 of the Weapons Law—25 L.P.R.A. § 414), and of murder in the first degree, was ordered to serve one year in jail and life imprisonment, by the Superior Court, Arecibo Part, on November 4, 1965.

He assigns as sole error, that the trial judge erred "in deciding that although probable cause for voluntary manslaughter was determined against defendant-appellant, the prosecuting attorney could file information for murder in the first degree under the circumstances of the case."

In this appeal appellant's counsel ignores the fact that in this case two proceedings were held prior to the prosecution. The first in time commenced June 6, 1965 with an information against appellant before the justice of the peace of Arecibo for the purpose of the issuance of a warrant of arrest against him for an alleged offense of voluntary manslaughter. The preliminary hearing was set, in this case, for the 15th of the same month. Appellant waived said hearing on June 18, 1964, and that same day, the District Court, Arecibo Part, determined that there was probable cause to believe that appellant had committed said crime. No further action was taken in said proceeding.

The second proceeding commenced June 25, 1965, with an information against appellant for murder sworn by the same policeman who swore the first one. That same day the warrant of arrest was issued, and bail bond was fixed. The preliminary hearing was held on June 30, 1965 and that same day it was determined that there was probable cause to believe that appellant committed the aforementioned crime of murder. On the basis of this determination, the information of murder in the first degree was filed on July 15, 1965 which served as the basis for the prosecution of this case.

Appellant invokes Rule 24 (c) of the Rules of Criminal Procedure. Said Rule provides that:

"If after the preliminary hearing, the magistrate decides that there is no probable cause, the prosecuting attorney shall not present any information whatever. In this case or when it is determined that there is probable cause of an offense inferior to the one charged, the prosecuting attorney may submit the case again on the same or on different evidence to a magistrate of higher rank in the Court of First Instance."

The rule cited above contemplates two situations: the first, that the judge should make a determination that there is no probable cause and the second, that the judge should determine that there is probable cause for an inferior offense. None of these two situations is present in this case.

■■ However, if the prosecuting attorney considered that the information for voluntary manslaughter should not be presented, he should have moved for the filing of the record,[1] Rule 24 (b) of the Rules of Criminal Procedure. But his failure to do so does not bar the prosecuting attorney from initiating another proceeding based on the same facts, since the fact that the prosecution for voluntary manslaughter was pending does not preclude initiating another prosecution, in this case for murder, as long as defendant has not been placed in jeopardy under the first prosecution. *State* v. *Adjmi*, 170 So.2d 340, 343 (Dist. Ct. App. Fla. 1965) ; *United States* v. *Bowles*, 183 F.Supp. 237 (U.S.D.C. D. Maine 1958) ; *United States* v. *Haupt*, 152 F.2d 771, 795 (7th Cir. 1946) ; *United States* v. *Strewl*, 99 F.2d 474 (2d Cir. 1938) ; *Kerker* v. *Superior Court*, 259 Pac. 146 (Crim. Ct. App. Okla. 1927) ; *Roth* v. *United States*, 294 Fed. 475 (6th Cir. 1923) ; *Thompson* v. *United States*, 202 Fed. 401 (9th Cir. 1913) ; *Reed* v. *Territory*, 98 Pac. 583 (Crim. Ct. App. Okla. 1908) ; *People* v. *Barnes*, 66 Cal. 594 (1885).

---

[1] If it were intended to prosecute appellant under an information for voluntary homicide, it could not be done since appellant, under Rule 64 of the Rules of Criminal Procedure, has the right to move for the dismissal of said information.

558

For the reasons stated above, the judgments rendered in these cases previously referred to will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.