**Reed STORY, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

No. A–15426.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 13, 1971.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Reed Story, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of First Degree Burglary; his punishment was fixed at fifteen years imprisonment, and a timely appeal has been perfected to this Court.

We do not deem it necessary to summarize the evidence introduced at the trial for the reason that the sole proposition of error deals with the closing argument of the Assistant District Attorney. This proposition states: "The Prosecuting Attorney, Mr. James R. McKinney, committed reversible error in his closing argument by statements and gestures clearly constituting a comment on the failure of the defendant to testify on his own behalf." The remarks to which the defendant complains, are as follows:

*Pages 92, 93, and 94*

"(Mr. McKinney) Now they say that Mrs. Stephens is mistaken. They say that this defendant didn't tell Mrs. Stephens, 'Don't move or I will kill you.' They said that he didn't say that to her and the poor lady for her to have to testify to what else he said and without repeating it you will remember what he told her he was there for, and she said this defendant here said that to her.

Now, let me tell you something. That wasn't contradicted, was it? And she said that this defendant here was in her home and this defendant here stole her purse and she said it and she said it under oath and she said it was the truth and it has not been contradicted.

MR. HAMILTON: If the Court please, may we make our objection.

THE COURT: Yes.

(THEREFORE, the following transpired at the bench out of the hearing of the jury.)

MR. BAY: Comes now the defendant and respectfully asks in support of their motion for mistrial, respectfully asks that the actions, as the last words of Mr. McKinney's were being uttered, that he was pointing with his forefinger at the defendant at the same time saying that these statements were not contradicted and pointing at the defendant; therefore very clearly implying that he did not take the stand and thereby making a comment, enthusiastically waving his finger at him and through what he was saying, making a comment by his finger waving, of the defendant not taking the stand. Therefore, we respectfully ask for a mistrial.

THE COURT: The Court is of the opinion that the cases as I read the law case after case has said it is not reversible error to say that the State's evidence is uncontradicted, I am familiar with those cases, objection is overruled, exceptions.

MR. BAY: Do we have the Court's concurrence on the fact that Mr. McKinney was pointing his finger at the defendant?

THE COURT: I am not sure that he was pointing it in the direction of the defense counsel and at the defendant, defense side of the table, I am not sure. I cannot say directly but in that direction.

MR. BAY: He was pointing his finger in that direction?

THE COURT: At the defense side of the table.

MR. BAY: Exceptions please.

THE COURT: Exceptions.

(Thereupon, the following transpired within hearing of the jury).

THE COURT: You may proceed, Mr. McKinney.

MR. McKINNEY: Let me tell you something else that is going to hurt too, Bobby Gene White said when he woke up, that this defendant here was taking off from these apartments, didn't he? And he said that this defendant after they were riding along there that reached under the seat and pulled out that white purse, didn't he? And he woke her up and he threatened to rape her and that he testified to you that under oath and it was not contradicted.

Did you hear any evidence from this witness stand that contradicted the testimony, the sworn testimony that this defendant did not do these things and they said turn him loose?"

█ It would appear that there is a question of fact as to the exact time the prosecutor pointed at the defendant. We note that the trial court believed that the assistant district attorney was pointing in the direction of the defense table. We further note the Assistant District Attorney denied pointing his finger at the defendant at the time he said the evidence was uncontradicted. We, therefore, are of the opinion that the record does not support the defendant's contention that the Assistant District Attorney pointed to the defendant simultaneously with his statement that certain evidence was uncontradicted.

█ The defendant further contends that the repeated use of the words "contradicted" and "uncontradicted" are more than sufficient to commit reversible error by commenting on the defendant's failure to take the stand. This Court specifically discussed the use of the word "uncontradicted." in Spears v. State, 97 Okl.Cr. 249, 261 P.2d 464. We stated in the fourth paragraph of the Syllabus:

"Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact the defendant did not testify."

We have further stated in the case of Denney v. State, Okl.Cr., 346 P.2d 359, in the second paragraph of the Syllabus:

"The Oklahoma statute prohibiting comment on failure of defendant to testify is comprehensive in the extreme and the Court of Criminal Appeals will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witness in her behalf. This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the State's evidence by proper proof other than that which might be given by the defendant personally."

See Tilford v. State, Okl.Cr., 437 P.2d 261; Woods v. State, Okl.Cr., 440 P.2d 994; Montgomery v. State, Okl.Cr., 447 P.2d 469; and Lewis v. State, Okl.Cr., 458 P.2d 309.

The defendant cites Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705, 24 A.L.R.3d 1065 to support this contention that the case must be reversed. We have examined the two cases and find them distinguishable from the case at bar. The trial courts, in both cases, instructed the jury concerning inferences that could be drawn from defendant's failure to testify and the prosecuting attorneys made direct comments on the defendant's failure to testify. In the instant case the jury was not instructed as to inferences that could be drawn from defendant's failure to testify, nor was a direct comment made on his failure to so testify.

We, therefore, are of the opinion that the Assistant District Attorney made proper comments upon the inferences reasonably to be drawn from a failure to controvert the State's evidence. We thus find

this proposition of error to be without merit.

We conclude that the evidence amply supports the verdict of the jury, the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.