**Stanley Robert STOTT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17176.**

Court of Criminal Appeals of Oklahoma.

March 1, 1972.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Stanley Robert Stott, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Forgery in the Second Degree. After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a statement of facts. Defendant first complains that he has been put in jeopardy twice. The Record reflects that in the de-

fendant's former trial, the jury was discharged by the court after announcing that they were unable to arrive at a verdict. In Sussman v. District Court of Oklahoma County, Okl.Cr., 455 P.2d 724, we stated:

"At the same time, jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where unforseeable circumstances arise during the first trial, *such as the failure of the jury to agree on a verdict; or, when the first trial is set aside, on appeal, which is usually at defendant's request.*" (Emphasis Added)

■ The defendant next complains that the prosecuting attorney made an improper argument to the jury by saying that the State's evidence was uncontradicted, at the same time, pointing a finger at the defendant. In arguing this proposition before the trial court on defendant's Motion for New Trial, the prosecuting attorney specifically denied pointing his finger at the defendant while saying that the evidence was uncontradicted. We further observe that the trial court, in overruling this proposition, stated:

"Well, the record will show what happened; I don't recall. And, I don't recall anything about any pointing, I just can't recall the remark."

In dealing with an identical question in the case of Story v. State, Okl.Cr., 478 P.2d 929, we stated:

"It would appear that there is a question of fact as to the exact time the prosecutor pointed at the defendant. We note that the trial court believed that the assistant district attorney was pointing in the direction of the defense table. We further note the Assistant District Attorney denied pointing his finger at the defendant at the time he said the evidence was uncontradicted. We, therefore, are of the opinion that the record does not support the defendant's contention that the Assistant District Attorney pointed to the defendant simultaneously with his statement that certain evidence was uncontradicted."

In *Story,* supra, we cited the case of Spears v. State, 97 Okl.Cr. 249, 261 P.2d 464, wherein the Court stated:

" 'Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact the defendant did not testify.' "

■ The final complaint asserts that a handwriting sample was taken from the defendant before he had counsel or was advised of his "Miranda rights." Smith v. State, Okl.Cr., 462 P.2d 328, we stated:

"Defendant's second complaint contends that the handwriting specimens obtained before he was provided legal counsel violated his rights under Article 2, § 21, of the Oklahoma Constitution, to Wit:

'No person shall be compelled to give evidence which will tend to incriminate him, * * *.'

"In the instant case, we reject the idea of compulsion claimed by defendant. We believe the Attorney General is correct when he states in his brief, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, provides that it is not required that counsel be present when handwriting exemplars are taken from an accused; nor does the taking of such exemplars violate the constitutional rights of the defendant. We believe this is especially true in the instant case. We also agree with the Attorney General's statement, that handwriting exemplars are comparable to fingerprints, in that such is an identifying physical characteristic. See Gilbert v. California, supra. * * *"

The judgment and sentence is, accordingly, affirmed.

BRETT and SIMMS, JJ., concur.