George Wright SMITH, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–347.

Court of Criminal Appeals of Oklahoma.

April 1, 1974.

Michael P. Atkinson, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, George Wright Smith, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Oklahoma County, for the crime of Rape in the First Degree. Punishment was assessed at fifty (50) years imprisonment in the state penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The State first called Linda Kay Herr who testified that she was eighteen years of age on the 9th day of August, 1972, and that in the early afternoon on said date, he, her brother and sister, and a Mr. and Mrs. Whitney were in the Whitney's rural home when four black men forced their way into the home. She further stated that the defendant found her hiding under a bed and forced her, her sister and brother upstairs where the defendant bound her and her brother and then took her sister back downstairs. Approximately fifteen minutes later the defendant returned, put a gag in her mouth, and forced her back downstairs to a small room known as the saddle room. When the defendant removed the gag the witness screamed and begged him to release her whereupon the defendant put a gun to her head. The defendant then threw saddle blankets on the floor and proceeded forcibly to rape her. The witness further testified that the defendant made penetration but did not reach climax because his friends kept coming in and saying they had to leave. The witness made an in-court identification of the defendant and further stated that upon being

freed she realized that her 1970 model orange Maverick automobile was gone, that her driver's license was in her car and that she did not see her license again until a policeman brought it to her.

The State next called Vivian Lee Herr who testified that she was present at the Whitney home when four black men, including the defendant, forcibly entered the home. The defendant grabbed hold of Mr. Whitney and knocked him down. He grabbed the witness, placed a gun at her neck and stated that if Mr. Whitney did not stop struggling he would hurt her. She then related that the defendant instructed her to get her sister from underneath the bed. The defendant forced the witness, her sister and brother to the attic, where the brother and sister were tied up. The defendant then took the witness downstairs where she was gagged with a stocking and bound. She also observed that Mr. and Mrs. Whitney were tied. She subsequently saw the defendant bring her sister downstairs and both entered the saddle room. The door was shut and, thereafter, she could hear her sister screaming for help.

The State then called Muriel Whitney who testified that Linda, Vivian, and Victor Herr were guests in her home during the afternoon in question. She identified the defendant as one of the four men who foricibly entered her home and stated that the defendant had a gun. She testified that her telephone wires were cut and that she and her husband were bound with electrical cord. She observed the three Herr children being taken upstairs and stated that Vivian Herr was subsequently returned downstairs and tied to a chair opposite her.

Oklahoma City Police Detective Don Acox then testified that after an investigation a search warrant was obtained for the residence of the defendant. He stated that the defendant was twenty-one years of age and then identified the driver's license of Linda Herr found at the address of the defendant.

Eddie Eugene Ellis then testified that he resided with the defendant on the 9th day of August, 1972, and that about 3:00 p. m. the defendant and others arrived in a 1971 orange Maverick, a car which he had not seen before. He testified that the defendant stated that he had raped a white girl at the Whitney farm on the date in question. Ellis admitted that he was presently in jail for the offense of concealing stolen property taken from the Whitney farm and brought to him in the orange Maverick. Ellis further stated that the defendant told him on August 11, 1972, that he was leaving because "it was getting too hot."

The State subsequently rested and the defendant called Russell Hubbard, an identification officer for the Oklahoma County Sheriff's Office. He identified certain exhibits as photographs of the defendant and Ellis respectively. The exhibits were admitted and the defendant rested.

■ Defendant's first proposition in error urges that the trial court committed error when it overruled the defendant's motion for a mistrial after a comment by the prosecutor during closing argument. The comment complained of is as follows:

"Now, this evidence is that this is the man that raped her and it is confirmed by three people and I submit to you a very important factor—if I don't make one other point, I would like to emphasize this, the fact he is the one that raped her. It is unrefuted, uncontradicted except for the remarks of Mr. Atkinson, and the Court has told you what he says or attempts to testify to is not law and it is not evidence in this case."

The defendant argues that the comment of the prosecutor wherein he states that the evidence is "unrefuted" and "uncontradicted" was a reference, in violation of 22 O.S.1971, § 701, to the fact that the defendant did not testify in his own behalf. With this contention we cannot agree.

In Story v. State, Okl.Cr., 478 P.2d 929, this Court, citing Spears v. State, 97 Okl. Cr. 249, 261 P.2d 464, held as follows:

" 'Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of statute forbidding comment on the fact the defendant did not testify.' "

The defendant argues that the prosecutor's comment of necessity pointed to the only person who could have offered the contradiction, the defendant himself, citing Linden v. U. S., 296 F. 104 (3rd Cir., 1924). We do not agree. Although it is difficult to determine the nature of the defendant's defense in the instant case, it is presumed to be a denial. Therefore, the defense could have presented testimony which established an alibi without the defendant taking the stand. The comment did not "of necessity" point to the defendant. We are of the opinion that the prosecutor made proper comments upon the inferences reasonably to be drawn from the failure to controvert the State's evidence. The defendant's first proposition in error is without merit.

■ The defendant next urges that the demeanor and conduct of the prosecuting attorney denied the defendant a fair and impartial trial. In his brief the defendant cites numerous instances where it was alleged that the prosecutor embellished his argument with matters which were outside the record. However, a complete reading of the record reveals no such instance.

The defendant further argues that the following statement by the prosecutor:

"Little Linda Herr wasn't able to be brave but you can be brave for her when you assess the punishment in this case. There is a wide range of punishment beginning with a term of five years and going up to whatever you want to give him. A million years or whatever. I ask you to keep in mind these children,

the fear in their hearts of looking around the corner wondering when he is going to be on the streets again."

was directly aimed at arousing the passion and prejudice of the jury by encouraging sympathy for the victim.

■ Although the remark by the prosecutor tends to reflect the stimuli of the arena, we do not see where a substantial right of the defendant has been prejudiced. The State recommended a ninety-nine (99) years sentence while the jury assessed punishment at fifty (50) years. Such a term is not inconsistent with the aggravated circumstances in the instant case.

■ The defendant next complains of the prosecutor's reference to a statement of defense counsel as being a "blatant lie." However, the record reflects that the prosecutor's statement was in reply to an attempt of defense counsel to interject into his argument certain facts which were outside the record. The remarks to which the defendant complains are as follows:

"MR. ATKINSON: (Continuing) Where is officer Canary? In the sheriff's office they told me he was somewhere around Tuttle. Yesterday, Mr. Grove told me he thought he was somewhere in the Bahamas—

"MR. GROVE: I'm going to object to that. I did not ever say he was in the Bahamas. This is a blatant lie, Your Honor."

It is apparent that the remarks of defense counsel invited a reply by the prosecutor. In Tilford v. State, Okl.Cr., 437 P. 2d 261, this Court held as follows:

"Generally, remarks of the prosecuting attorney, including such as might or would otherwise be improper, are not grounds for reversal where they are invited, provoked, or occasioned by accused's counsel or are in reply to or retaliation for his acts or statements."

The record reflects no prejudice to a substantial right of the defendant by the remark complained of. Therefore, the trial court did not abuse its discretion in failing

to grant a mistrial. For all the reasons set out above the defendant's second proposition in error is without merit.

■ The defendant next contends that the trial court committed reversible error when it overruled the defendant's motion to produce exculpatory evidence, specifically any report submitted to the prosecutor by the prosecuting witness's personal doctor. Again, we do not agree.

In State v. Lackey, Okl.Cr., 319 P.2d 610, this Court held in paragraphs 2 and 3 of its syllabus as follows:

"2. The defendant has no inherent right to examination of the state's evidence in the hope that something may turn up which would aid or supply clues for gathering evidence.

"3. In the interest of justice, for good cause shown, where the denial of pre-trial inspection of a report in the possession of the prosecution might result in a miscarriage of justice, the trial court has the inherent right in exercise of sound judicial discretion to grant the remedy of pre-trial inspection of a report in the prosecution's possession where the primary source is no longer in existence and the report constitutes the only available source of evidentiary information."

The record in the instant case reflects that there was testimony by the prosecutrix that the defendant did not reach climax. A report substantiating said testimony would only be corroborative of that fact. The doctor himself and not his report is the primary source. The record reflects that the doctor's name was endorsed on the information. The defendant was free to subpoena the doctor as his witness. When the State failed to call the doctor, the defendant immediately objected stating that they had relied upon the endorsement and the State's subpoena to produce the doctor for cross-examination. The trial court allowed the defendant a continuance until the next morning. However, the defendant failed to produce the doctor although he was subject to subpoena.

After consideration of the above, it is the opinion of this Court that the trial court did not abuse its discretion in requiring the trial to continue after once giving a continuance. The defendant on final argument was free to argue that the failure of the State to call the doctor inferred that any examination showed no evidence of sperm or trauma. Therefore, the defendant was deprived of no substantial right and the defendant's proposition is without merit.

The defendant next contends that the trial court committed error in refusing to allow the defendant to act as his own cocounsel. This issue was raised in Fowler v. State, Okl.Cr., 512 P.2d 238, wherein this Court, citing People v. Mims, 160 C. A.2d 589, 325 P.2d 234 (Calif., 1958), held that an order of the trial court to compel the defendant to elect to proceed either in person or by counsel is not erroneous. The Court further held that where the defendant is represented by counsel, one or the other must be in charge of the defense in order to preserve orderly procedure.

■ In the instant case the trial court did not abuse its discretion in restricting the participation of the defendant. The trial court allowed the defendant to elect whether to proceed in person or by counsel. The defendant elected to proceed by and through his attorney. No prejudice is shown in the record and prejudice will not be presumed. See *Fowler, supra*. Therefore, defendant's last proposition is also without merit.

From a consideration of the record as a whole, we do not find that the defendant has been deprived of any substantial right. The issues were fairly presented to the jury, and defendant received a fair and impartial trial. The verdict and judgment appealed from is, accordingly, affirmed.

BRETT, J., and BUSSEY, J., concur.