**Roosevelt BANKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–75–399.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Roosevelt Banks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM–74–2552 for the offense of Unlawful Possession of Marihuana, in violation of 63 O.S. 1971, § 2–402, ¶ B 2. His punishment was fixed at a term of one (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness at trial was Gaylon Hayes who testified that he was an agent in charge of drug enforcement with the Oklahoma State Bureau of Investigation and was so employed on the 9th of September, 1974. He testified that on that day he was accompanied by agents Hoover and Birdsong. He stated that as they were proceeding on Central in Oklahoma City in a northerly direction they observed a white Cadillac parked by the curb and occupied by four individuals. The driver had his hand cupped over a cigarette. Thereafter he passed the cigarette to the man sitting beside him. The agents drove around the block and then pulled up parallel to the Cadillac. The witness exited the police unit and announced that he was a police officer. He stated he heard the defendant say, "get rid of this," and thereafter he observed the defendant hand a plastic bag to the defendant's companion in the front seat who threw the plastic bag out the window. The witness retrieved the bag and made the determination that it contained marihuana. Thereafter, he placed the defendant under arrest for possession of marihuana. He further testified that he retained the bag in his custody, marked it for identification purposes and submitted it to the Oklahoma State Bureau of Investigation for chemical analysis. Upon being shown State's Exhibit No. 1, he identified it as the same envelope in which he had submitted the evidence to the Oklahoma State Bureau of Investigation. Thereafter, he was shown State's Exhibit No. 2 which he identified as the same plastic baggie he had observed being thrown out of the defendant's automobile on the morning of September 9, 1974, and the same baggie which he had retrieved.

The State's next witness was Mike McGeehon who testified that he was a forensic chemist with the Oklahoma State Bureau of Investigation. The defendant stipulated to the witness' qualifications as a chemist. Upon being shown State's Exhibit No. 1, the witness identified it as the evidence envelope from which he had removed the plastic bag containing green leafy substance on which he had performed an analysis. The witness testified that he had performed three tests and that upon the results of these tests he determined the substance to be Cannabis Sativa which is commonly known as marihuana.

The defendant's first assignment of error asserts that the arrest was unlawful because no offense was being committed in the officer's presence and, hence, the seizure of marihuana was unlawful. We note the record reflects that the police officers first observed the occupants smoking marihuana and, upon stopping along side the parked vehicle, heard the defendant make

the statement, "get rid of this," and thereafter observed a plastic bag with green leafy substance being thrown out the window. Upon retrieving the baggie, Hayes observed it to be marihuana, thus, observing an offense being committed in his presence which authorized him, under statute, to make a valid arrest. See, 22 O.S.Supp. 1975, § 196. Also see, 63 O.S.1971, § 2-501, ¶ 3. For this reason, we find the defendant's first assignment of error to be without merit.

 The defendant's second assignment of error asserts that the prosecutor made improper comment on the defendant's failure to testify, and as such committed reversible error. See, 22 O.S.1971, § 701. The comment of which the defendant now complains is as follows, "The evidence has been uncontroverted. There has been no testimony as to any other explanation for the happenings of that evening."

In *Story v. State*, Okl.Cr., 478 P.2d 929 (1971), this Court citing *Spears v. State*, 97 Okl.Cr. 249, 261 P.2d 464, held:

"'Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact the defendant did not testify.'"

Therefore, in light of this Court's previous holdings we do not find the comment of which defendant now complains falls within the ambit of 22 O.S.1971, § 701. For this reason we find the defendant's second assignment of error to be without merit.

The defendant's third assignment of error apparently contends the evidence presented at trial was insufficient to support the verdict. In accordance with the foregoing statement of facts, we feel the record reveals sufficient competent evidence from which the jury could properly conclude the defendant was guilty as charged. This Court has repeatedly held that where there is competent evidence in

the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970). For this reason this Court has no authority to invade the province of the trier of facts and make a determination of defendant's guilt or innocence. We, therefore, find this assignment of error to be without merit.

The defendant's final assignment of error asserts the punishment imposed is excessive. We need only observe that the punishment was well within the range provided by law, and does not shock the conscience of this Court. See, *Turner v. State*, Okl.Cr., 479 P.2d 631 (1971).

For all the foregoing reasons, the judgment and sentence appealed from is, accordingly, affirmed.

BRETT, P. J., and BUSSEY, J., concur.