**Willie Gene GAMBLE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–205.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1976.

**24**

Donald W. Davis, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Willie Gene Gamble, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case Nos. CRF–75–689 and CRF–75–690, for the offenses of Robbery by Force and Fear, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 791, and Attempted Robbery by Force and Fear, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 42. His punishment was fixed at two (2) life sentences and from said judgments and sentences a timely appeal has been perfected to this Court.

At the trial, in the first stage of a two-stage proceeding, Ali Mahmood testified that on August 20, 1975, he was employed as the night manager of Jiffy Food Store at 11th and H Avenue in Lawton, Oklahoma. At approximately 3:00 a. m., a person, whom he identified in court as defendant, entered the store and demanded money from the cash register. The defendant kept his left hand in his pocket at all times, causing Mahmood to believe he was holding a weapon. He gave the defendant approximately Thirty Dollars ($30.00) and defendant fled down an adjacent alley. He identified State's Exhibit No. 1 as the trousers the defendant was wearing on the morning in question.

Cecelia Cassell testified that on August 20, 1975, she was employed as the night auditor of the Ramada Inn at Second and Farris Street in Lawton. At approximately 6:00 a. m., the defendant entered the Inn and asked for change for a dollar bill. As she opened the cash register, the defendant, speaking in a growling voice, commanded that she give him all the money from the register. She instead slammed the drawer shut and ran to the back office. She identified State's Exhibit No. 2 as the yellow striped shirt the defendant was wearing on the morning in question.

Ross Worden testified that he worked in an upholstery shop one block from the Ramada Inn. At approximately 6:00 a. m., he was in the motel drinking coffee when he observed the man, whom he identified as the defendant, lean over the front desk. He subsequently learned of the attempted

robbery and left the motel in pursuit of the defendant. He observed a person go between two buildings and alerted the police officers who placed the defendant under arrest.

Officer William Justice testified that he assisted in the arrest of the defendant on the morning in question. He identified State's Exhibits Nos. 1 and 2 as the clothing worn by the defendant.

The State rested and the defendant offered no testimony in his behalf. The jury retired to deliberate and returned verdicts finding the defendant guilty of the primary charges of Robbery by Force and Fear, and Attempted Robbery by Force and Fear. Thereafter, in the second stage, the State proved the defendant had sustained the following convictions in Comanche County, while represented by counsel: Robbery by Fear, Case No. C–2088 and Unauthorized Use of a Motor Vehicle, Case No. C–2125, both on February 24, 1969; Grand Larceny, Case No. CRF–71–309 and Receiving Stolen Property, Case No. CRF–71–413, both on September 3, 1971.

■ In his first assignment of error, defendant asserts that the trial court erred in allowing the two charges to be consolidated into one trial, without showing that the crimes were part of the same scheme and design, or that an intelligent waiver had been made of defendant's right to a separate trial on each charge. We are of the opinion that this assignment of error is patently frivolous. The record clearly reveals that on September 5, 1975, the defendant, with counsel, requested that the cases be consolidated for trial. [Tr. 5] The record further reveals that on September 16, 1975, the defendant, with counsel, again requested the consolidation of the cases for purpose of trial. [Tr. 25] Finally, the record reveals that prior to the pronouncement of judgments and sentences, defendant stated:

"  .  .  .  I would further call to the Court's attention that we had waived, we asked that both cases be tried at the same time; and we believe that the nature of the offenses here constitute kind of one single, one single transaction. . . ." [Tr. 169]

■ The second assignment of error is that the District Attorney made improper remarks concerning the failure of the defendant to testify. We have carefully examined each of the alleged improper remarks and find that the prosecuting attorney did use the terms "contradicted" and "uncontradicted." See, Story v. State, Okl.Cr., 478 P.2d 929 (1970), wherein defendant raised a similar assignment of error. We reaffirm our holding in Spears v. State, 97 Okl.Cr. 249, 261 P. 464 (1953), wherein the Court stated in the fourth paragraph of the Syllabus:

"Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of the statute forbidding comment on the fact that defendant did not testify."

■ As his third assignment of error, defendant asserts: "Irregularity in the proceedings of the Court in not obtaining an intelligent waiver from the defendant of his right to file and have heard a Motion for New Trial and application for a Pre-Sentence Report." We first observe that the defendant was allowed to file a Motion for New Trial within the statutory thirty days from the day of judgments and sentences, as provided by 22 O.S.1971, § 953. The Motion for New Trial was capably presented by defendant's trial counsel and was overruled by the court.

■ Considering the defendant's assertion that he did not intelligently waive his right to a pre-sentence report, we need only observe that the record clearly reflects that the trial court carefully explained the purpose of a pre-sentence investigation to the defendant. The defend-

**26**

ant stated, at the conclusion of the explanation as follows:

"DEFENDANT GAMBLE: I do not want the investigation.

"THE COURT: Is that a fact now?

"DEFENDANT GAMBLE: Yes." [Tr. 172]

■ The final assignment of error is that the trial court improperly imposed a punishment upon the defendant in the attempted robbery case. The defendant argues that the punishment for Attempted Robbery should have been controlled by 21 O.S.1971, § 42. We agree with the defendant's contention. The trial court fixed the punishment after the jury was unable to agree, and apparently sentenced the defendant under the provisions of 21 O.S. 1973, § 801, which provides:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by imprisonment for life at hard labor, in the state penitentiary, or for a period of time of not less than five (5) years, at the discretion of the Court, or the jury trying the same."

The Informations in the instant cases charged the defendant with the offenses of Robbery by Fear, After Former Conviction of a Felony, and Attempted Robbery by Fear, After Former Conviction of a Felony, not Robbery or Attempted Robbery with a Dangerous Weapon or Attempted Robbery with a Firearm, as provided by 21 O.S. 1973, § 801.

The judgment and sentence in Case No. CRF–75–690, Attempted Robbery by Force and Fear, After Former Conviction of a Felony, is accordingly *MODIFIED* from a term of life imprisonment, to a term of Thirty-Five (35) years imprisonment, and the judgment and sentence in Case No. CRF–75–689, Robbery by Force and Fear, After Former Conviction of a Felony, is *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.