Kenneth Dwayne HAYES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–235.

Court of Criminal Appeals of Oklahoma.

July 20, 1977.

See also Okl.Cr., 566 P.2d 1174.

Coy H. McKenzie, Norman, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern., for appellee.

## OPINION

BRETT, Judge:

Appellant, Kenneth Dwayne Hayes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRM–76–1310, for the offense of Attempting to Elude a Police Officer in violation of 21 O.S.1971, § 540A. Defendant appeals from judgment and sentence fixing punishment at a fine of One Hundred and Fifty ($150.00) Dollars and three (3) months in jail, all but twenty (20) days in jail suspended, and all punishment to run concurrently with sentence imposed in Case No. CRM–76–1610. Case No. CRM–76–1610 has been reversed and remanded with instructions to dismiss by this Court.

The State's sole witness, Sergeant Steven Cain of the Norman Police Department, testified that on August 14, 1976, while proceeding westbound on Robinson Street in the City limits of Norman, he observed an eastbound 1956 Chevrolet traveling across the center line of the street. Cain observed the driver of the Chevrolet lean from the window on the driver's side and throw an object at a child who was riding a bicycle along the side of the street. After stopping momentarily to aid the child, Cain turned on the flashing red lights mounted on the visibar on the roof of his patrol car, made a U-turn, and proceeded eastbound in pursuit of the Chevrolet. At this point the Chevrolet accelerated rapidly. As the Chevrolet approached the first intersection, Cain observed flashing brake lights and a right turn indicator; he momentarily lost sight of the vehicle as it crested a hill. As Cain crested the hill he observed that the Chevrolet, instead of turning right as the signal had indicated, passed through the intersection and continued eastbound. The Chevrolet continued to accelerate. Cain testified that his vehicle reached speeds of 80 M.P.H. but was unable to appreciably close the gap between him and the Chevrolet. As the vehicles approached the next intersection, Cain once again observed flashing brake lights and a right turn indicator. The Chevrolet turned left. At that point Cain turned on the siren in his patrol car, because in his opinion, the Chevrolet was exceeding the speed limit, and its driver was not going to respond to his red lights and emergency flashers. The vehicle continued northbound reaching speed of approximately 80 M.P.H. It passed through two more intersections at speeds estimated by Cain at 50 to 60 M.P.H. ignoring stop signs at both. Finally, as the chase reached a level stretch of road, Cain's vehicle was able to gain additional speed and close within approximately 100 to 125 yards of the Chevrolet. The Chevrolet then came to a stop at a distance nearly five miles from Cain's original U-turn. Cain observed four persons in the vehicle; defendant was behind the wheel.

Cain testified on cross-examination that during the course of the chase the Chevrolet had left his sight momentarily as it crested hills, and that a change of drivers was possible but at the speeds traveled would have been highly unlikely. Furthermore, he had observed no change of drivers.

Defendant demurred to the State's evidence. The demurrer was overruled, and the defense rested.

 Defendant's first assignment of error is that the trial court erred in overruling the demurrer of the defendant to the evidence produced by the State, because the State failed to prove defendant's guilt beyond a reasonable doubt. This Court has uniformly held that when the record contains any competent evidence reasonably tending to sustain the allegations of the indictment or information the trial court should overrule a demurrer to the evidence. *Martin v. State,* 92 Okl.Cr. 182, 222 P.2d 534 (1950); *Tharps v. State,* Okl.Cr., 555 P.2d 1054 (1976). An examination of the record reveals competent evidence from which the Court could conclude that defendant was guilty of the crime of Attempting to Elude a Police Officer. Having determined that the demurrer was properly overruled, this Court has no authority to invade the province of the trier of facts and determine the guilt or innocence of defendant. *Banks v. State,* Okl.Cr., 544 P.2d 1268 (1976).

 Defendant's second assignment of error is that the punishment imposed is excessive. The punishment was well within the range provided by 21 O.S.1971, § 540A. This Court has uniformly adhered to the rule that:

" . . . the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court."

*Johnson v. State,* Okl.Cr., 386 P.2d 336 (1963). A review of the record in this case reveals no facts or circumstances which would empower this Court to modify the sentence imposed by the trial court.

For the foregoing reasons, the judgment and sentence appealed from is AFFIRMED with instructions to VACATE that part of the sentence which refers to Case No. CRM-76-1610.

BUSSEY, P. J., concurs.

See also Okl.Cr., 566 P.2d 1172.