**Frank CHASE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13771.**

Court of Criminal Appeals of Oklahoma.

April 20, 1966.

Rehearing Denied June 20, 1966.

W. C. Henneberry, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen. of Oklahoma, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Frank Chase, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Robbery With Firearms—Conjoint After Former Conviction of a Felony, and an appeal has been perfected to this Court under the provisions of 22 O.S.A. § 1073. On appeal defendant urges two assignments of error. They are:

"Error of the Court in failing to sustain defendant's objections to the introduction into evidence of the State's exhibits. Errors of the Court committed during the course of the trial and excepted to by the Defendant."

Before considering defendant's first assignment of error, it will be necessary to set forth briefly the facts that give rise to it. The record discloses that on the evening of December 14, 1961, at approximately 11:20 p. m., Curtis Lee Blanton, manager of the Quality Bell Service Station, located at 3722 Southwest Boulevard, Tulsa, Oklahoma, was robbed by two men, one of whom had a shotgun. Immediately after the rob-

bers left, Blanton notified the police. Officer Bennett had just passed the Quality Bell Service Station and had observed a 1951 or 1952 model Chevrolet parked near it, with its parking lights on. When he received notification of the robbery, he returned to the scene, observed the same vehicle leaving the vicinity and pursued it at a high rate of speed wtih his police car's red light flashing, until the Chevrolet parked at the Chase residence. Two men ran from the car. Green, the co-defendant, was arrested in the front yard and the defendant was arrested near the rear of the house a short time thereafter. The time of the arrest was fixed at approximately 11:30 p. m. Officer Greer, in retracing the route taken by the defendant's car, found a broken shotgun lying in the 28 or 29 hundred block of Southwest Boulevard at approximately 11:40 p. m. This broken shotgun was identified by Officer Greer during the trial and admitted over the objection of the defendant. It was the admission of this evidence which gave rise to the defendant's first assignment of error. The defendant argues that since the evidence did not connect the shotgun as having been in his possession, or as the one used in the robbery, the court erred in admitting it. The particular issue here presented has not been passed on by this Court, but we believe the better view is expressed in 22A C.J.S. Criminal Law § 712, at page 967, where it is stated:

" * * * even where it is not claimed or proved that it was used in the commission of the crime, a weapon or other instrument found in the possession of accused or his associates when arrested, or at or near the place of arrest, has been held admissible as part of the history of the arrest, and as bearing on the crime, even though it is not clearly shown to be the property of accused. * * *"

This leads us to a consideration of the defendant's second assignment of error that the trial court erred in allowing endorsement of an additional witness after the trial had commenced. From the record it appears that the trial was conducted in two stages as required by 22 O.S.A. § 860, and that the jury had retired, deliberated and returned the verdict finding the defendant guilty of the primary charge—Robbery with Firearms—Conjoint. Thereafter the following proceedings were had:

MR. GRESHAM: Comes now the State and requests permission of the Court to substitute and endorse the witness, Harvey Sollars in place of Bess Wilson as the identifying witness, due to the fact that Bess Wilson is ill today and unable to appear, and I would like to inform the Court that the witness, Bestt Wilson, was endorsed on the original Information for the sole purpose of identifying this defendant as being one and the same defendant that was heretofore convicted of the crimes as alleged on the face of the Information and that the witness, Harvey Sollars, testimony will be the same, that is, that he is the same defendant who has heretofore been convicted of the crimes as alleged and stated on the face of the Information.

MR. HANLON: If the Court please, we would like to object at this time to the endorsement of Harvey Sollars as a witness, as coming as a complete surprise to the defendant and his attorney, and ask that his testimony not be allowed at this time.

THE COURT: The objection will be overruled and the endorsement will be allowed of the witness stated.

We here note that no exception was taken to the ruling of the Court, nor did counsel for the defendant request a recess or a continuance in order to ascertain what the testimony of Harvey Sollars would be or to gather evidence to refute it.

The duly authenticated records of the District Court of Tulsa County were introduced as a part of the second stage of the trial and they established that on the 6th day of December, 1954, after Frank Chase had entered a plea of guilty to the charge of Second Degree Burglary—Con-

joint, he was sentenced by the Court for a term of two years imprisonment in the State Penitentiary in McAlester, Oklahoma, in District Court Case # 16083.

The testimony of Harvey Sollars was that Frank Chase, the defendant herein, was the same Frank Chase who had entered a plea of guilty in case # 16083 on the 6th day of December, 1954. Thereafter, the State rested and the defendant offered no evidence to refute the prior conviction.

In the instant case the defendant argues that since the name of Harvey Sollars was not endorsed on the list of witnesses served upon him at least two days prior to trial, his rights guaranteed by Article 2, Section 20, Oklahoma State Constitution, were violated. Article 2, Section 20 provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed or, where uncertainty exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates the crime might have been committed. Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses."

We are of the opinion that when, as in the instant case, the trial is conducted in two stages, the first stage to determine the guilt or innocence of the accused of the principal charge alleged in the Informa-

tion, and he has, prior to trial, received a list of witnesses relied upon by the State to establish the essential allegations of the Information or indictment charging him with the primary offense (Robbery with Firearms), the constitutional requirements of Article 2, Section 20 have been complied with. We arrive at this conclusion for the reason that defendant's prior convictions are not an essential element of the principal crime charged, but are admitted for the jury's consideration only insofar as they may be considered in enhancing the defendant's punishment after the defendant has been found guilty by the jury. This is not to say that when an accused is charged with a felony after former conviction and the trial is conducted in two stages that the State may wait until the jury has found the defendant guilty of the principal charge before endorsing the names of witnesses relied upon to establish prior convictions. The endorsement of the names of witnesses under such circumstances is governed by the provisions of 22 O.S.A. § 303; the same providing:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

In construing this statute in Evans v. State, 312 P.2d 908, the Court, speaking through the Honorable John C. Powell, had this to say:

"The trial court in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the information even after the trial has commenced. If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by de-

fendant, he should withdraw his announcement of ready for trial and file a motion for a postponement or a continuance, in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case were continued. Where he fails to do this, the error, if any, is waived."

The witness' testimony came after the court records relating to prior convictions had been introduced in evidence and was merely cumulative. Moreover, the defendant did not seek a continuance or recess. (See Jones v. State, Okl.Cr., 410 P.2d 559). In the light of the foregoing, we are of the opinion that this assignment of error is without merit.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT and NIX, JJ., concur.