Kenneth O'Larry GLENN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14314.

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Charles E. Halley, Oklahoma City, Legal Aid Society of Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gene Hoyt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

On the evening of the 8th day of June, 1966, Safeway Grocery Store #78 in Oklahoma City, Oklahoma was robbed by two armed bandits who left the store on foot. Reports of the robbery were transmitted to the police department and the dispatcher radioed the patrol cars in the area of the robbery to be on the lookout for two white male suspects. Sergeant Taylor was in the immediate area and shortly after having received the radio report and description of the suspects, he observed two white men in a 1958 Thunderbird automobile, one wiping his hair and face with a cloth. He pursued these subjects and when his presence was observed by them, they accelerated their speed. After a lengthy chase the Thunderbird (later identified as being one belonging to Kenneth O'Larry Glenn, hereinafter referred to as defendant), came to a stop and three men emerged to take flight on foot, one of whom was identified as being the defendant by Sergeant Taylor. Photographs of the car were taken, together with the contents thereof, and these photographs and weapons were admitted in evidence on the trial of the case, together with other exhibits taken from the car. The defendant was positively identified as being one of the robbers and the larger pistol introduced as a part of State's Exhibit No. 1, was identified as being the one, or similar to the one, used by the defendant in the robbery.

The defendant testified in his own behalf that at the time of the robbery he was in Dallas, Texas, and that although the automobile belonged to him, it had been stolen but that he had not reported the theft to the police. The defendant admitted prior convictions of felonies on cross-examination.

Called as a defense witness was Wilford Dimsdle who had been previously convicted for his participation in the robbery of the Safeway Grocery Store #78. He testified that he had stolen the defendant's car in Dallas, Texas, and had participated in the robbery with two other men, neither of whom was the defendant.

The jury returned a verdict of guilty and fixed the defendant's punishment at life imprisonment in the State Penitentiary, and he appeals.

On appeal the defendant concedes that the evidence was sufficient to support the verdict of the jury, but argues that he was prejudiced during the trial by the introduction of incompetent evidence, not properly identified or connected with the com-

mission of the crime, and that the introduction of such incompetent evidence, if not amounting to reversible error, was so prejudicial as to require this Court to modify the judgment and sentence imposed.

The State answers these contentions under the single proposition that "ERROR NOT RAISED IN TRIAL COURT IS WAIVED ON APPEAL; AUTHENTICATION OF PHOTOGRAPHS MAY BE MADE BY ANYONE HAVING KNOWLEDGE OF ITS ACCURATE PORTRAYAL OF THE OBJECT DEPICTED." In support of the above proposition, the State goes on to say:

"On appeal the defendant urges that evidence of an automobile chase, the photographs of the automobile, and the weapons and clothes found in the automobile should have been excluded from trial since they were not properly authenticated or identified.

The defendant objected to State's Exhibits 2, 4, 5, 7 and 9, which were pictures of the defendant's vehicle, on the grounds that they were not properly authenticated (CM–80). Testimony that a photograph is a correct representation of the object sought to be shown is a sufficient foundation for its admission. This testimony need not be given by the photographer but may be given by anyone having sufficient knowledge of the object testifying that the photograph is a faithful representation of the object. Robison v. State, Okl.Cr., 430 P.2d 814. In the present case, Officer Taylor testified that the pictures were a true portrayal of the vehicle at the time of the arrest (CM–79).

Proper objection was not made to the admission of the guns (CM–93), the defendant's white shirt (CM–98), or his hat (CM–100) at trial. Since objection to these articles was not made at trial, error, if any, in their admission may not be urged on appeal. See Music v. State, Okl.Cr., 396 P.2d 894; McCluskey v. State, Okl.Cr., 372 P.2d 623; Steiner v. State, Okl.Cr., 349 P.2d 56.

Proper objection not having been made to this alleged improper evidence during trial, we need not answer the substance of defendant's allegations. However, we note in passing that each of the exhibits were properly identified prior to admission into evidence. The guns used in the robbery were identified by Mr. Pickard (CM–68) and Mr. Fondren (CM–112). The shirts and hat were identified by Officer Burke as those taken from the defendant's car (CM–100). Officer Taylor's testimony concerning the chase of defendant's automobile shortly after the robbery was not objected to at trial and therefore may not be urged as the basis of an appeal (CM–74)."

■ After carefully examining the record, we are of the opinion that the evidence to which objection was interposed was properly admitted and that the failure of the defendant to object to the admission of other evidence, preserves no record for review on appeal.

■ We are of the further opinion, in light of the entire record, that the introduction of the evidence now complained of, was not so prejudicial as to require either a modification or a reversal. Having thus concluded that the evidence amply supports the verdict of the jury and that there were no errors committed during the course of the trial to justify a reversal or modification of the punishment imposed by the jury, we are of the opinion that the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.