Grady HARRIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14557.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Grady Harris, hereinafter referred to as the defendant, was convicted in the District Court of Oklahoma County with the crime of Robbery with Firearms, and sentenced to Forty Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record filed herein, on behalf of the state, Wesley Beavers, Manager of a 7–11 store at 1400 N.E. 36th Street, testified that his store had been robbed by two negro men on March 17, 1967. He testified the defendant, Grady Harris, was one of the robbers. He further testified that the defendant threatened his life.

On March 27, 1967, Warr Acres officers, Jerry Landsberger and Bill Beams, arrested the defendant; testifying that the defendant had a gun in his possession similar to

the one which had been used in the robbery, and that when arrested, the defendant was in the vicinity of another 7-11 store.

Defendant presented three alibi witnesses who testified that he was working at "Bill's Drive-In" at the time.

Defendant's first contention of error is that the gun found in his possession at the time of his arrest and the testimony of events surrounding said arrest should have been excluded from the trial.

■ The fact that possession of the gun is a crime itself does not preclude admission of the gun into evidence or testimony as to how the gun was obtained by the police. 22A C.J.S. Criminal Law, § 712, states: "A weapon or other instrument of crime, the possession of which is an offense and which is shown to have been in the accused's possession, is admissible."

And, § 712, supra, further states:

"* * * a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding, justifies an inference of the likelihood or possibility of its having been used, is admissible for the purpose of showing availability to the accused of the means of committing the crime in the manner in which it is shown to have occurred."

This Court has interpreted section 712, supra, in Chase v. State, Okl.Cr.App., 415 P. 2d 203, stating:

"* * * a weapon or other instrument found in the possession of accused or his associates when arrested, or at, or near the place of arrest, has been held admissible as part of the history of the arrest, and as bearing on the crime, * * *."

While this Court agrees that the general rule that only evidence of the crime with which the defendant is presently charged is admissible at trial, there are exceptions, and this rule does not exclude relevant evidence which has probative value and which will not unduly prejudice the defendant's case.

■ This Court stated in Roulston v. State, Okl.Cr.App., 307 P.2d 861:

"If it [evidence] is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime."

■■ In the instant case, that the defendant had a gun in his possession on the night of his arrest, and that he was near a 7-11 store similar to the one which had been robbed earlier were circumstances of great probative value from which the jury could infer the likelihood of defendant's participation in the armed robbery with which he was charged. Since the probative value of the evidence outweighs the prejudice, if any, to the defendant's case, the trial court did not err in admitting the gun found in defendant's possession into evidence or in allowing the police officers to testify concerning the circumstances of the arrest.

■ Defendant next alleges that the sentence is excessive. He states no grounds for which a reduction in sentence should be imposed. It is the opinion of this Court that the punishment prescribed by statute for armed robbery could have been death, and is not excessive under the facts of this case.

■ It is the further opinion of this Court that the defendant had a fair and impartial trial, and that the issues were fairly submitted to the jury. The evidence is more than sufficient to support the verdict. The judgment and sentence is, therefore, affirmed.

BRETT, P. J., and BUSSEY, J., concur.