**Wilford Hullon DIMSDLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14354.**

Court of Criminal Appeals of Oklahoma.

April 30, 1969.

Rehearing Denied June 25, 1969.

Jon F. Gray, Staff Atty., Oklahoma City, Legal Aid Society of Oklahoma County, Inc., for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

The plaintiff in error, hereinafter referred to as the defendant, was charged with the crime of Robbery with Firearms in the District Court of Oklahoma County. He was tried before a jury, found guilty, and sentenced to life imprisonment. He appeals as an indigent represented by the Legal Aid Society of Oklahoma County, Inc., and was furnished a casemade at public expense.

He bases his appeal to this Court upon two assignments of error. (1) That there was an unnecessary delay between the time defendant was arrested and confined in jail and the arraignment which took place some six days later. (2) That the trial judge committed error in admitting into evidence items unconnected with the crime.

The facts as disclosed by the evidence were, briefly, that on the night of June 8, 1966, a Safeway store in Oklahoma City

was robbed by two persons, one or both of whom were wearing dark colored sports coats, slacks, shirts, ties and hat. One or both men carried pistols. Employees and customers were held at gunpoint, cash from the cash registers were put into paper bags and the two men departed on foot. It was raining hard that night. Later, that same night, a 1957 Ford Thunderbird was stopped by the Oklahoma City Police Department. Several persons, including defendant, were apprehended in the immediate vicinity. Also apprehended was Kenneth O'Larry Glenn, who was tried as one of the participants of the robbery. During his trial, which was subsequent to this defendant's, the defense called the defendant, Dimsdle, who testified he [Dimsdle] robbed the Safeway Store in question along with two other men * * * neither of which was ·Glenn. He confessed his guilt of the crime in an attempt to acquit Glenn.

■ The record reveals that the defendant was arrested on the 8th day of June, 1966, placed in the county jail, and was not taken before a magistrate for a period of six days. This, defendant contends, is a violation of the statutes pertaining to arrests, 22 O.S.1961, § 176:

"If the offense charged in the warrant be a felony, the officer making the arrest must take the defendant before the magistrate who issued the warrants, or some other magistrate in the county."

And, § 181:

"The defendant must, in all cases, be taken before the magistrate without unnecessary delay."

Though this Court frowns upon any delay in taking defendant before a magistrate, we are committed to the rule as related in Brown v. State, Okl.Cr., 384 P.2d 54. In that case the Court spoke with reference to defendant's being held eight days before being taken before a magistrate:

"A period of eight days elapsed before the defendant was taken before a magistrate. Such delay could amount to a denial of a substantial right, but no such deprivation has been established by the

record. The burden is on the defendant to establish prejudice by reason of the delay. In In re: Dare, Okl.Cr., 370 P. 2d 846, a delay of 33 days was held not to be prejudicial under the circumstances. Each case must depend on its own facts."

Also see, Fry v. State, 78 Okl.Cr. 299, 147 P.2d 803; Hendrickson v. State, 93 Okl.Cr. 379, 229 P.2d 196; and, Pickens v. State, Okl.Cr., 450 P.2d 837.

■ Defendant's next contention of error pertaining to introduction of photographs, and other items into evidence which were not related to the crime, has been thoroughly discussed in a companion case, Glenn v. State, Okl.Cr., 444 P.2d 839. The testimony involved the same items, the difference being that, in the instant case, evidence to the items was admitted over objection of the defendant. In the *Glenn* case, supra, Judge Bussey said:

"The defendant objected to State's Exhibits 2, 4, 5, 7 and 9, which were pictures of the defendant's vehicle, on the grounds that they were not properly authenticated. * * * Testimony that a photograph is a correct representation of the object sought to be shown is a sufficient foundation for its admission. This testimony need not be given by the photographer but may be given by anyone having sufficient knowledge of the object testifying that the photograph is a faithful representation of the object. Robison v. State, Okl.Cr., 430 P.2d 814. In the present case, Officer Taylor testified that the pictures were a true portrayal of the vehicle at the time of the arrest."

As to the other items, Judge Bussey said:

"We are of the further opinion, in light of the entire record, that the introduction of the evidence now complained of, was not so prejudicial as to require either a modification or a reversal."

Mr. Jon F. Gray of the Legal Aid Society is to ᵣ be commended upon the diligent effort he made in preparing a splendid brief, but we are bound by the law heretofore stated in the companion case.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.