**Jimmy Clifford LOGAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16119.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

Tom Criswell, III, Durant, for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge.

Plaintiff in Error, Jimmy Clifford Logan, hereinafter referred to as defendant, was convicted in the District Court of Bryan County, Oklahoma, of Embezzlement by Bailee, After Former Conviction of a Felony. A jury returned verdicts of guilty in both stages and the defendant, an indigent represented by court-appointed counsel, was sentenced to a term of Three and One-Half (3½) Years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The state's evidence proved that the defendant was employed as a truck driver for the prosecuting witness for some ten days prior to the date in question and apparently familiar with the normal course of business since he discussed the loading and asked for a long distance route. A truck-trailer loaded with feed and assigned to the defendant for delivery to customers in Texas was driven away by the defendant, complete with proper invoices and was returned without invoices or any explanation as to the disposition of the feed. The feed was not delivered, a man wearing clothing and glasses like the defendant left the truck and drove away in a truck similar to defendant's after the trailer was returned. No restitution or explanation was forthcoming after the defendant's failure to return in the normal course of business

and the defendant apparently fled the state to Texas.

Russell Rogers was the only witness called for the defense and he testified he visited the mill office in April and talked with state's witness Turner about seeing the trailer returned on December 17th. Rogers said the window Turner told him he looked through on the 17th was covered by screen similar to the defendant's exhibit on the day of the April visit. He also testified as to taking measurements and photos at the scene and advanced his opinion that it would have been difficult for Turner to identify the driver of the returning truck.

The first of four propositions contends the defendant's constitutional rights were violated in that he was not taken before a magistrate "without unnecessary delay" as provided in 22 O.S.1961, § 181:

> "The defendant must, in all cases, be taken before the magistrate without unnecessary delay."

The original record indicates an arrest warrant was issued by the District Court of Bryan County, Oklahoma, on December 18, 1969, and executed on January 22, 1970. The sheriff's return indicates the defendant was returned from Dallas and thereafter on the 26th day of January, the defendnat was arraigned by a magistrate, counsel was appointed to represent him and bond was fixed—a lapse of four and perhaps part of a fifth day.

Counsel for the defendant, in his brief, alludes to matters which transpired in the State of Texas, but there is neither record nor transcript pertaining thereto before this Court for consideration.

The defendant does not allege anything other than the passage of time insofar as prejudice to his rights and this Court feels Brown v. State, Okl.Cr., 384 P.2d 54, cited both by the state and defendant as well as the more recent Dimsdle v. State, Okl.Cr., 456 P.2d 621, are completely dispositive of this proposition.

■ While this Court continues to frown upon delay, we are still committed to the proposition the burden is upon the defendant to establish prejudice by reason of the delay. In *Dimsdle, supra,* six days elapsed; while in *Brown, supra,* it was eight days; but, in neither case, nor here, did the defendant show deprivation or denial of any substantial right.

■ Additionally, as part of his first assertion of error, the defendant claims his constitutional right to due process under Article 2, § 7 of the Oklahoma Constitution, and § 1 of the Fourteenth Amendment to the United States Constitution were infringed upon by his incarceration awaiting arraignment.

The Attorney General's brief succinctly covered the due process question, citing Orcutt v. Wyoming, 308 F.2d 61 (10th Cir. 1962), where the defendant claimed a delay in arraignment should vitiate the state court conviction. The court said:

> " * * * We find no decisions which sustain a collateral attack in federal courts upon a state court judgment and sentence because of * * * the failure of state officials to promptly arraign him before a proper magistrate.
>
> * * * * * *
>
> It is well settled that 'a criminal prosecution in the courts of a State, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the State, so long as it includes notice, and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is "due process" in the constitutional sense.' "

The Attorney General also points out the defendant placed no evidence in the record before or during trial tending to show what happened in Texas, or tending to show what prejudice, if any, resulted either from the arrest or the alleged delay. Thus, this Court finds the "due process" complaint to be without merit.

While the defendant does not directly cite it as error, his brief makes several

references to the fact the original charge, CRF–69–142 of Embezzlement, was dismissed following a preliminary hearing on February 24, 1970, but that the the defendant was ordered held pending the re-filing of the instant case, CRF–70–17, Embezzlement by Bailee, After Former Conviction of a Felony. The second information was filed the same day as the dismissal, a preliminary hearing was held March 6, 1970, and the defendant was bound over and ordered to stand trial.

We note from the original record no pleadings were filed on behalf of the defendant between the date when the first charge was dismissed and the preliminary hearing was had on the instant charge, a period of some ten (10) days. Another ten (10) days elapsed before the day set for the defendant's arraignment in District Court. The defendant's next appearance, according to the record, is some three weeks later or on April 10, 1970, three (3) days before trial, on a motion to dismiss. This motion was based primarily on the contention the arraignment delay was contrary to law.

The court minutes for the April 10th motion indicates the defendant appeared in person and by his appointed counsel and the motion to dismiss was overruled. Apparently, neither testimony nor authority was presented on behalf of the defendant. The matter of the preliminary hearings was not raised at trial.

The record further reflects the warrants in both cases were issued by the same magistrate and that same magistrate heard both preliminary hearings, however, the defendant did not see fit to include in the record either or both preliminary hearings, thereby precluding any review of those proceedings by this Court.

█ This Court still holds to the proposition that where a question is not presented to the trial court, not argued, not set forth in the motion for new trial, nor the petition in error, then it is not deserving of consideration on appeal. Jones v. State, Okl.Cr., 341 P.2d 616. We pointed

out in Bennett v. State, Okl.Cr., 448 P.2d 253, the proper method for preserving a question involving preliminary hearing rulings is to challenge the jurisdiction of the committing magistrate in the trial court, except to the trial judge's adverse ruling and preserve that exception in the motion for new trial. See also, Hover v. State, Okl.Cr., 471 P.2d 950.

The defendant's next proposition of error asserts the evidence adduced on the trial was not sufficient to warrant a conviction.

█ After a thorough examination of the record in this case, we are of the opinion the evidence was sufficient to submit the case to the jury. While the defendant argues this proposition based upon his interpretation of the record, he cites no supporting authority. It has long been the position of this Court that we will not search for authority to support an assertion of error in the trial court or authority to support the defendant's argument. See McGee v. State, Okl.Cr., 402 P.2d 921; and Sandefur v. State, Okl.Cr., 461 P.2d 954. However, we will treat the question due to the paucity of authority in Oklahoma with regard to embezzlement.

█ Generally, the rule in embezzlement situations states, when the agent does with the money or property only what he is authorized to do by the terms of his employment, he is not guilty, but conversely, where the agent is authorized to dispose of the money or property *in a particular manner,* any other disposition with fraudulent intent constitutes embezzlement and here the flight can also be considered in determining intent. Agar v. State, 176 Ind. 234, 94 N.E. 819 (1911). [Emphasis supplied]

In People v. Hall, 55 Cal.App.2d 343, 130 P.2d 733 (1942), the court held no demand was necessary and the jury's implied finding of fraudulent appropriation was justified where under the terms of the defendant's employment, the time for payment of the employer's money arrived and there was no satisfactory explanation of default.

Defendant suggests in his brief that because there was no direct evidence the trailer was empty, of what happened to the missing feed, or that the defendant actually reaped a benefit form the feed, the case should not have been submitted to the jury. The suggestion is not sound.

■ Any diversion of funds held in trust constitutes embezzlement whether there is direct personal benefit or not as long as the owner is deprived of his money. People v. Pierce, 110 Cal.App.2d 598, 243 P.2d 585 (1952).

■ While much of the evidence is circumstantial, this Court has often held a criminal case may be proved circumstantially and reasonable inferences drawn therefrom have the same probative effect as direct testimony. Young v. State, Okl. Cr., 373 P.2d 273. Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969). And finally, it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805; and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty, the case will not be reversed on appeal on a contention that the evidence is not sufficient. Brewer v. State, Okl.Cr., 452 P.2d 597.

■ The defendant's final assertion is that the punishment is excessive under the circumstances. We need only observe the trial was properly conducted in two stages and the jury found the defendant guilty of Embezzlement by Bailee, After Former Conviction of a Felony, assessing Three and One-Half (3½) Years as sentence, or one-third of the ten year maximum under the statute. Recited in many cases which come before this Court, is the statement that we are powerless to modify a sentence which does not shock this Court's conscience, and this is not such a case. See, Roberts v. State, Okl.Cr., 473 P.2d 264.

In conclusion, we observe the record is free of any error which would justify modification or require reversal and the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.