David Lloyd BOWDEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18135.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1973.

Melvin D. Ernest, Norman, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David Lloyd Bowden, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cleveland County, Case No. CRF–72–118, for the offense of Escape From the Penitentiary, his punishment was fixed at two (2) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Gary Forbes testified that he was employed as a Lieutenant of Security, Lexington Annex, Oklahoma State Penitentiary; that on March 19, 1972, the defendant was confined in the Lexington Annex serving a twenty-five (25) year sentence from Tulsa County. He testified that the only time an inmate was allowed off the institutional grounds was in the company of a correctional offi-cer or other employees of the Department of Corrections. However, sometime between 12:30 a.m. and 1:00 a.m. on March 20, 1972, a search was conducted of the grounds to locate the defendant, without success. He observed the defendant the following day at the Administration Building in custody.

Johnny Lee Summers, a correctional officer, testified that the defendant was present in the barracks of the institution on March 19, 1972. He next observed the defendant on March 21 when he was "brought back in."

Clayton Nail testified that he discovered the defendant missing from the barracks sometime after midnight.

Jerry Holt testified that on March 21 he, with the aid of search dogs, found the defendant approximately three miles east of the prison grounds and about one mile north.

Defendant asserts three propositions, all of which allege that he was not taken before a magistrate "without unnecessary delay" as provided in 22 O.S.1971, § 181:

"The defendant must, in all cases, be taken before the magistrate without unnecessary delay."

The record adduces that twenty-eight (28) days elapsed before the defendant was taken before a magistrate, during which time he was confined in the administrative segregation unit of the state penitentiary at McAlester. In Logan v. State, Okl.Cr., 493 P.2d 842, we stated:

"The defendant does not allege anything other than the passage of time insofar as prejudice to his rights and this Court feels Brown v. State, Okl.Cr., 384 P.2d 54, cited both by the state and defendant as well as the more recent Dimsdle v. State, Okl.Cr., 456 P.2d 621, are completely dispositive of this proposition.

"While this Court continues to frown upon delay, we are still committed to the proposition the burden is upon the defendant to establish prejudice by reason of the delay. In Dimsdle, supra, six

days elapsed; while in Brown, supra, it was eight days; but, in neither case, nor here, did the defendant show deprivation or denial of any substantial right."

In the instant case the defendant candidly admits that the delay did not harm his chances at the trial, but rather argues that the loss of the few privileges a prison inmate is allowed—association with others, limited freedom of movement, a candy bar from the canteen and an occasional movie —constitute a substantial loss to an inmate in a prison.

We are of the opinion that the defendant has totally failed to establish prejudice by reason of the delay. Due to the defendant's own conduct by escaping, he was made subject to the provisions of 21 O.S. 1971, § 443a which provides:

"In addition, all prisoners who escape from either of the aforesaid prisons either while confined therein, or while at large as a trusty, when apprehended and returned to the prison, shall be punishable by the prison authorities in such manner as may be prescribed by the rules and regulations of the prison provided that such punishment shall not be cruel or unusual."

The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurring.

BRETT, Judge (specially concurring):

While I agree that under the circumstances of this case there is no showing of prejudice, because of the failure to take defendant before the magistrate, I question the validity of the provisions of 21 O.S. 1971, § 443a, cited in the decision, as it pertains to punishment. When that section of the statutes provides:

". . . shall be punishable by the prison authorities in such manner as may be prescribed by the rules and regulations of the prison provided that such punishment shall not be cruel or unusual."

and then to subsequently place the accused person on trial for the same escape, it appears to me to be double punishment in violation of 21 O.S.1971, § 11. Maybe its a matter of semantics, but nonetheless that section provides in part:

". . . But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, . . . but in no case can he be punished under more than one; . . ."

This question was not raised in the appeal, so I concur in the results reached.