**Gary Ray MATTHEWS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–18.**

Court of Criminal Appeals of Oklahoma.

April 10, 1975.

Tom J. Amis, Meeker, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jim Patton, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant Gary Ray Matthews, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the offense of Burglary in the Second Degree in the District Court of Lincoln County. Punishment was assessed at a term of five (5) years in the state penitentiary. From a judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: William D. Sandell testified that sometime after midnight on the 16th of October, 1972, he was awakened by a noise and looked out the window to see someone leaving Tappana's Drug Store across the street. The individual appeared to be carrying something which looked like a white sack and ran up the alley. The witness could not identify the individual nor describe his facial features.

Jerry Tappana then testified that he was a pharmacist and that on the morning of the 16th at about 1:00 a. m. he was notified by the police that his store had evidently been burglarized. Tappana went to the store and found a hole in the ceiling, drugs and narcotics missing and the door open. Shortly thereafter Chief Cook of the Stroud Police Department came in with what looked like a pillowcase and a coat which contained merchandise taken from the store. The pillowcase and coat were then taken back to where they were found.

Arthur White testified that on the night in question he was a Stroud Police Officer and was called at approximately 1:00 a. m. to investigate a burglary at the drug store. During the investigation, Chief Cook found in the courtyard of a nearby church a pillowcase and coat containing drugs. The Chief left for a few minutes and then returned and placed the pillowcase and coat where he had found them in the courtyard. The courtyard had only one entrance from the street and the witness remained in the vicinity to observe the entrance. At appoximately 5:30 a. m. a car drove up, the defendant got out and entered the courtyard and the car drove off. The defendant then left the courtyard and began to run when he saw the witness. The defendant was then apprehended and arrested.

The State then called Officer Dallas Guinn who testified that he was advised around 1:00 a. m. that the drug store had been burglarized. He immediately proceeded to the store and found that the door had been opened from the inside. After patrolling the area, he returned to the store and found footprints in the alley. Chief Cook produced some shoes and matched them with the prints. Photographs were then taken of the prints and the shoes. The photographs were introduced into evidence over the objection of the defendant.

Jack Cook, Stroud Chief of Police, then testified that while investigating the burglary, he found a pillowcase and a coat lying in a corner of a church courtyard.

The pillowcase and coat contained drugs and merchandise taken from the store. He further testified that footprints were found in the alley next to the store and that he took the defendant's shoes and matched the prints with the shoes. He stated that they fit perfectly and that pictures of the prints and the shoes were taken.

■ Defendant's first contention in error urges that the evidence presented at trial is insufficient to sustain the verdict of the jury. It is obvious that most of the evidence presented is circumstantial. However, as stated in Cheeves v. State, 18 Okl.Cr. 480, 196 P. 726:

"... It rarely happens that perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence."

In Logan v. State, Okl.Cr., 493 P.2d 842, the Court recently held as follows, to-wit:

"While much of the evidence is circumstantial, this Court has often held a criminal case may be proved circumstantially and reasonable inferences drawn therefrom have the same probative effect as direct testimony. Young v. State, Okl.Cr., 373 P.2d 273. Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969). And finally, it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl. Cr., 468 P.2d 805; and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty, the case will not be reversed on appeal on a contention that the evidence is not sufficient. Brewer v. State, Okl.Cr., 452 P.2d 597."

After a complete reading of the record in the instant case, it is the opinion of this Court that there was sufficient circumstan-

tial evidence introduced at trial to sustain the verdict of the jury. Therefore, defendant's first proposition in error is without merit.

■ Defendant's last proposition urges that the trial court erred in permitting the introduction of the photographs of the footprints and shoes over objection of defense counsel. In support of his argument defendant contends that the photographs were not properly authenticated and that they were incompetent, irrelevant and immaterial.

The record reflects that Officer Guinn testified that he was present when the pictures were taken and that they were true representations of the conditions as they existed at the time. In Benefield v. State, Okl.Cr., 355 P.2d 874, this Court held that in order to warrant the admission of a photograph into evidence, it is only necessary to show, if the picture is otherwise competent, that it is a correct likeness of the objects it purports to represent, and this may be shown by the one taking the photograph or by any other competent witness. See also Vavra v. State, Okl.Cr., 509 P.2d 1379. The photographs complained of were therefore adequately authenticated.

The existence of the footprints and the correspondence between the shapes, outlines and dimensions are circumstantial evidence which, considered with other evidence presented at trial, tend to establish the guilt of the defendant. The photographs were therefore competent, relevant and material evidence and the admission of the pictures was within the sound discretion of the trial court.

For all the reasons set out above it is our opinion that the defendant has been deprived of no substantial right, the issues were fairly presented to the jury, and the defendant received a fair and impartial trial. The verdict and judgment appealed from is, accordingly, affirmed.

BRETT, P. J., and BUSSEY, J., concur.