**Mather Lee DAVIDSON and Millard D. Graham, Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–510.**

Court of Criminal Appeals of Oklahoma.

May 10, 1976.

Thomas Dee Frasier, Tulsa, for appellants.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellants, Mather Lee Davidson and Millard D. Graham, hereinafter referred to as defendant Davidson and defendant Graham, were charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–74–2533, for the offense of Robbery with Firearms, in violation of 21 O.S. Supp.1973, § 801. Their punishment was fixed at six (6) years' imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

The State's first witness, Mr. Udell Crook, testified that on October 24, 1974, he was employed as a part-time relief clerk at the Rainbo Thrift Store located in the 3000 block of North Peoria in Tulsa. He stated that near closing time, approximately 5:45 p. m., a black male (defendant Graham), entered the store apparently shopping for sweet rolls. Subsequently a second black male (defendant Davidson), entered the store, walked up to the register, pointed a gun at Mr. Crook and said, "I come to take your money." Immediately thereafter, defendant Davidson cocked and pointed the pistol at Mr. Crook and again said, "I told you, I came to take your money, this is a holdup." He then ordered Mr. Crook to the back storeroom. Upon entering the storeroom, defendant Davidson ordered defendant Graham, who was standing near the sweet roll counter, to come to the storeroom also. Once in the storeroom defendant Graham was told to take Mr. Crook's money, which he accomplished by removing Crook's wallet, taking out the money and returning the wallet to Crook's pocket. Thereafter, defendant Davidson said, "If you try anything, I will blow your head off." Then he went to the front of the store and attempted to open the cash register, but failing to do so, he returned to the storeroom and ordered Mr. Crook to open it. Thereafter, Mr. Crook was again ordered to the storeroom. At this time, defendant Davidson said, "You've got ten

minutes grace, if you know what I mean." Thereafter, he returned to the front of the store, leaving defendant Graham and Mr. Crook in the storeroom. Mr. Crook testified that he could not see the register from where he was standing, but that he did hear the cash drawers being closed and moments later he heard footsteps and what sounded like the closing of a car door outside the northeast corner of the building. After waiting approximately one minute, defendant Graham left the store without making a purchase. Mr. Crook testified that he followed defendant Graham to the front and locked the door, and that he thought defendant Graham turned to the left and walked toward the Phillips 66 Station. Subsequently, Mr. Crook checked his register and finding all the money missing, except some pennies, he stepped on the alarm button which rang in the Phillips 66 Station. Upon being shown what had been marked State's Exhibit No. 1, he identified said item as a gun which resembled the one pulled on him during the robbery.

The State's second witness, John Paul Canfield, testified that he was an employee of the Phillips 66 Station located on the corner of Mohawk and Peoria in Tulsa. He testified that at approximately 5:45 p. m., October 24, 1974, while preparing for a 6:00 p. m. closing he observed a car back into a position and park in front of a nearby tin shed. The car was described as a white 1965 Chrysler with green and white tags and the last digit being the number five. He further testified that the car contained two black males, and that the passenger, identified as defendant Davidson, emerged from the car, took a few steps toward the station and stopped. At this time, Canfield noticed a second man, defendant Graham, approaching from the opposite side of the station. The two defendants met in the parking lot, exchanged a few words, then got into the car and left the station heading east on Mohawk Boulevard. Mr. Canfield identified State's Exhibit No. 2, as being the green multi-colored shirt worn by defendant Graham

when seen at the station on the day of the robbery.

The State's third witness, Officer Griffin, testified that he was assigned to a patrol unit on October 24, 1974. He stated that at approximately 6:15 p. m., he received a radio dispatch describing a 1965 white Dodge, with green and white tags, the last digit being the number five, containing three black males, as being possibly used in an armed robbery. Having observed such a vehicle moments before at a consumer service station located in the 400 block of West Third, he returned to the station and proceeded to investigate said vehicle and its occupants. Upon arrival, he observed defendants Graham and Davidson standing near the car and a third black male, identified as Johnson, was inside the station, but that he subsequently came out to the car. Two black females were seated in the car, a Miss Berdine in the front seat and a Miss Holt in the back seat. After advising that they were possible suspects in an armed robbery, Officer Griffin commenced to search the three male suspects for weapons. Suddenly, Miss Holt made a move toward her purse, whereupon he ordered her to place her hands on the roof of the car. Subsequently, the two females were ordered to get out of the car leaving their purses where they were. Miss Holt grabbed her purse and Officer Griffin had to forcibly remove it from her. A search of the purse revealed a .32 caliber automatic pistol and $48.00 in currency, which Officer Griffin identified at trial as being State's Exhibits No. 1 and No. 2, respectively. Thereafter, a search was made of Miss Berdine's purse from which he recovered a box of .32 caliber ammunition, identified as State's Exhibit No. 3. Officer Griffin further testified that after placing handcuffs on the two females, defendant Graham stated, "man, these ladies didn't have anything to do with it."

The State's fourth witness, Officer Wood, testified that he was a patrol officer for the Tulsa Police Department and was so employed on October 24, 1974. He

testified that he had assisted in the arrest, and his testimony substantiated the testimony of Officer Griffin. Further, he identified State's Exhibit No. 6, as being a sock containing an amount of change in excess of $15.00, which he had recovered from the floorboard of defendant's vehicle at the time of the arrest.

The State's final witness, Detective Trekell, identified State's Exhibit No. 2 as a green multi-colored shirt which he had recovered from defendant's automobile after it had been impounded.

Thereafter, the State rested and the defense rested.

■ The defendants' first assignment of error is that the trial court erred in overruling their demurrer and/or directed verdict for defendants. Their argument is that the evidence adduced at trial was insufficient to sustain a conviction.

Defendants' first contention is that the evidence is insufficient to connect them to the crime. However, defendants cite no authority under analogous facts or law in support of this contention. We note, however, that this Court has consistently held that the weight and credibility of evidence is a matter within the province of the jury. *Ball v. State*, Okl.Cr., 507 P.2d 1342 (1973).

Defendants' further contend that evidence needed for conviction must be beyond reasonable doubt. *Moulton v. State,* 88 Okl.Cr. 184, 201 P.2d 268 (1949). However, that case further held that a conviction will not be reversed for insufficiency of evidence if there is any substantial evidence, although circumstantial, from which a reasonable and logical inference of guilt arises. Additionally, in *Matthews v. State,* Okl.Cr., 534 P.2d 366 (1975), this Court cited with approval *Logan v. State*, Okl.Cr., 493 P.2d 842 (1972), which held as follows:

"While much of the evidence is circumstantial, this Court has often held a criminal case may be proved circumstantially and reasonable inferences drawn therefrom have the same probative effect as direct testimony. *Young v. State*, Okl.Cr., 373 P.2d 273. Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Bailey v. United States,* 410 F.2d 1209 (10th Cir. 1969). And finally, it is the exclusive province of the jury to weigh the evidence and determine the facts. *Jones v. State*, Okl.Cr., 468 P.2d 805; and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty, the case will not be reversed on appeal on a contention that the evidence is not sufficient. *Brewer v. State*, Okl.Cr., 452 P.2d 597."

For the foregoing reasons, we find the first assignment of error to be without merit.

■ In their second assignment of error, defendants contend that the trial court improperly admitted certain evidence over defendants' timely objection. First, they contend that the evidence was incompetent, irrelevant and immaterial. Further, they argue such evidence was prejudicial. Specifically, they complain as to the admission into evidence of the .32 caliber automatic pistol, forty-eight dollars in bills, box of .32 caliber ammunition, and magazine clip. Said evidence was seized from the purses of the two female companions who were arrested with defendants.

This Court held in *Harris v. State,* Okl. Cr., 450 P.2d 857, 859 (1969), citing 22A C.J.S. Criminal Law § 712:

"'* * * a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding, justifies an inference of the likelihood or possibility of its having been used, is admissible for the purpose of showing availability to the accused of the means of committing the crime in the manner in which it is shown to have occurred.' "

See also, *Chase v. State*, Okl.Cr., 415 P.2d 203 (1966).

In the instant case, the evidence complained of was in the possession of defendants' associates who were arrested with defendants approximately thirty minutes subsequent to the robbery. Together with other facts surrounding the arrest, these were circumstances of considerable probative value from which the jury could infer the likelihood of defendants' participation in the armed robbery for which they were charged. Furthermore, since the probative value of the evidence, outweighs the possible prejudice, if any, to the defendants' case, the trial court did not err in admitting said evidence. *Born v. State*, Okl.Cr., 397 P.2d 924 (1964). For the foregoing reasons, we find defendants' second assignment of error to be without merit.

 Defendants' third assignment of error is that the prosecutor made improper comments during closing arguments, and that these comments were prejudicial to their case. However, we find that counsel for the defendants failed to preserve for review certain of the alleged erroneous comments of which they now complain. It is well settled that when no objection is made, the matter cannot be presented for the first time in a motion for new trial or on appeal. *Fulbright v. State*, Okl.Cr., 508 P.2d 688 (1973).

 We find that four comments were properly preserved, and they will be set forth and discussed below. We first consider the comment of the prosecuting attorney wherein he stated that the evidence was uncontradicted. Defendants argue that this comment was a reference in violation of 22 O.S.1971, § 701, to the effect that defendants did not take the stand in their own defense. This alleged erroneous statement appears in the record as follows:

". . . [A]nd there's been nothing to contradict the State's evidence that we presented to you. You think about that."

This Court has consistently held, as stated in *Spears v. State*, 97 Okl.Cr. 249, 261 P.2d 464 (1953):

"Where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontradicted. Such argument would not be a violation of statute forbidding comment on the fact the defendant did not testify."

See also, *Smith v. State*, Okl.Cr., 521 P.2d 832 (1974). This well-settled rule is clearly applicable to the instant case. The comment did not point to the defendants' failure to testify. Therefore, we are of the opinion that the prosecutor's comments were upon inferences which were reasonably drawn from a failure to contradict the State's evidence. Accordingly, we find this contention to be without merit.

 The next statement herein considered appears in the record as follows:

"But in Mr. Crook's opinion, he felt like he was posing as a customer." The record shows that the trial judge sustained defendants' timely objection to this statement. If further action is desired, it is incumbent upon the defendants to request the trial court to take such action. It is well-settled, as held in *Russell v. State*, Okl.Cr., 528 P.2d 336, 341 (1974):

"[W]hen an objectionable statement is made, it is necessary that it be called to the attention of the court by a timely objection, together with a request that the jury be instructed to disregard the improper statement. . . ."

A review of the record, however, fails to show that the remark herein complained of is so fundamentally prejudicial that the error could not be corrected by instruction to the jury. We are, therefore, of the opinion that the action of the trial court cured the prejudice, if any, to defendants' case.

The remaining comments assigned as error appear in the record as follows:

"These men are no dummies. They wasn't going to get caught. They gave them the loot the ammunition and handed it over to the girls."

\* \* \* \* \* \*

"So he says, 'Hey, man, these girls didn't have anything to do with it.' And, that tells you one thing. He did and his buddy did and he knew that they committed a robbery out there because they had just been placed under arrest for robbery and he felt maybe a little guilty because his girl friends were going to get involved in the same thing."

Upon a review of the record, we find this first statement to be a comment based on the reasonable inferences drawn from the evidence adduced at trial. As to the second statement, it would appear from the record that defendants were effectively under arrest at the time the inadvertent comment was made by the defendant. We fail to see any prejudicial effects inuring to the defendants from either statement. However, this Court has consistently held, as stated in *Klinekole v. State*, Okl.Cr., 456 P.2d 623 (1969), citing *Wing v. State*, Okl.Cr., 280 P.2d 740, as follows:

"The right of argumentation contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

Furthermore, as held in *Fox v. State*, Okl. Cr., 524 P.2d 60 (1974), citing *Barber v. State*, Okl.Cr., 388 P.2d 320 (1963):

" 'It is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the burden is upon the plaintiff in error [appellant] to establish to the Court of Criminal Appeals the fact that he was prejudiced in his substantial rights by the commission of error.' "

In light of the aggravating circumstances of the offense for which defendants were convicted, and the fact that the jury assessed punishment at one year more than the minimum set by law, it is improbable that the jury was inflamed by the comments herein complained of. It is our opinion that error, if any, in the judgment and sentence arising out of said conviction, was harmless.

It is, therefore, the opinion of this Court that the defendants received a fair and impartial trial and that the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.