Christopher M. MILLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–14.

Court of Criminal Appeals of Oklahoma.

June 24, 1981.

Landis Shook, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, Christopher M. Miller, hereinafter referred to as the defendant, was charged, tried by a jury, and convicted in the District Court of Payne County, Case No. CRF–79–316, for the offense of Grand Larceny, in violation of 21 O.S.1971, § 1701. Punishment was set at twenty-one (21) months imprisonment. From said judgment and sentence, the defendant has filed this timely appeal.

The evidence presented at trial indicates that on October 19, 1979, at about 10:00 p.m., Todd Brandon, the complaining witness, parked his 1974 Ford Custom Van in the Journalism and Broadcasting parking lot on the OSU Campus and went to work at the KVRO radio station. When he returned to the parking lot by about 12:05 a.m. to drive his car home, he noticed that his spare tire was missing from its usual place at the back of the van. He also observed that another van was parked alongside his van. As he approached his van, he heard the clanging of tools. He then went between the two vans and saw the defendant, crouched down, working with tools on his (i.e., Brandon's) side pipes. When Brandon asked the defendant what he was doing, there was no response. Instead, the defendant put the tools back into his own van and drove off at high speed, carrying with him approximately Four Hundred Dollars ($400.00) worth of property taken from Brandon's car. Brandon observed the license number of the defendant's departing car, wrote it down, and turned it over to the OSU police. Investigation of the car's ownership subsequently led to the arrest of the defendant. Brandon also testified that after the defendant's arrest, the defendant called him and offered to make restitution in the sum of Four Hundred Dollars ($400.00) in exchange for having the charges dropped. When the defendant himself took the stand, he testified that he spent the entire night at his home drinking and listening to music in the company of a friend, and that he did not steal anything from anyone's van.

As his sole assignment of error, the defendant asserts that it was error for the court to admit evidence that he contacted Brandon in an attempt to settle out of court by paying restitution of Four Hundred Dollars ($400.00). Specifically, the defendant contends that this was evidence of a "payoff" (another crime) which was so unrelated to the issue at trial as to violate the rule that when a defendant is charged with one offense, he is to be convicted, if at all, by evidence that he is guilty of that offense alone. *See, Burks v. State,* 594 P.2d 771 (Okl.Cr.1979).

We note, however, that this Court has recognized some exceptions to the rule enunciated in *Burks,* and evidence of other crimes may be admitted where it tends to

establish motive, intent, absence of mistake or accident, identity, or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. 594 P.2d at 772. *See also, Brooks v. State*, 561 P.2d 137 (Okl.Cr.1977). In the instant case, the evidence of the attempted restitution tended to show that the defendant was not mistakenly or accidentally identified by the prosecution witnesses. Furthermore, the offer of restitution after charges had been filed would tend to indicate significant connection between the offeror and the crime committed. Such evidence is not to be rejected merely because it incidentally indicates possible commission of another crime. *See, Harris v. State*, 450 P.2d 857 (Okl.Cr.1969). *See also, Chase v. Crisp*, 523 F.2d 595 (10th Cir. 1975), *cert. denied* 424 U.S. 947, 96 S.Ct. 1418, 47 L.Ed.2d 354 (1976). Where, as in this case, there was other competent evidence of the defendant's guilt, and where the defendant received a twenty-one (21) month sentence out of a possible five (5) years, it is clear to us that admission of the evidence objected to had no prejudicial effect. Finding nothing else upon which to predicate error, we hold that the judgment and sentence appealed from be AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.