Edward Warren
WINTERHALDER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–549.

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1986.

Rehearing Denied Dec. 22, 1986.

John J. Tanner, Tulsa County, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Edward Warren Winterhalder, appeals from his conviction in the District Court of Tulsa County, Case No. CRF–82–3374, where in accordance with the jury's verdict, he was sentenced to a term of one and one-half (1½) years imprisonment plus a fine of two thousand dollars ($2,000) for the crime of Possession of a Stolen Vehicle, and (4) years imprisonment plus a fine of two thousand four hundred dollars ($2,400) for the crime of Assignment of Title by False Statement of Material Fact.

The evidence discloses that in late March, 1981, Dwayne Hatcher discovered his white 1979 Chevy van had been stolen from his Oklahoma City residence. Hatcher testified that the van was equipped with a four speed transmission and floor gear shift, which he had installed, making the van a distinctive vehicle. In the middle of April, 1981, the appellant offered to sell Stephen Hart a white van with the same description as the one belonging to Hatcher. Hart declined the offer, but put the appellant in touch with a car dealer named Dean Elsey.

Elsey testified that on April 16, 1981, he purchased, from the appellant, a white 1979 Chevy van that had a four speed transmission with a gear shift on the floor. When Elsey requested identification, the appellant produced a driver's license bearing the name of Mark Novotny. The appellant later signed the title over to Elsey using the name Mark Novotny. On January 17, 1982, Officer Clarence DeWayne Smith, of the Tulsa Police Department, was requested by his sergeant to examine a 1979 Chevy van at the residence of Ray Cossey, owner of Ray's Painting in Tulsa. Smith found that the vehicle identification number (VIN) on the van's dash did not match the confidential VIN under the van. This confidential VIN was the same VIN listed on the bill of sale Dwayne Hatcher received when he purchased his van. It was later discovered that the van had been purchased by Ray's painting from Dean Elsey and its title was previously assigned to Mark Novotny who reassigned it to Elsey. Examination of the duplicate title from Novotny to Elsey revealed that it was a stolen document from a tag agency in Muskogee.

In his first assignment of error, the appellant contends that the trial court erred in granting the State's motion in limine, presented and argued at trial, violating his right to due process. The defendant claims he should have been permitted to question the prosecution witness Stephen Hart regarding any agreement he had with the authorities in exchange for his testimony. We disagree.

When a motion in limine is sustained, the party seeking to introduce the evidence must, at trial, but out of the hearing of the jury, make an offer of proof as to what the proper testimony would be, thereby giving the trial court an opportunity to make a final ruling with respect to it. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr. 1977). The appellant made no offer of proof that any agreement existed between Hart and the authorities. For this reason, the appellant's first assignment of error is without merit.

In conjunction with his first assignment of error, the appellant argues that he was denied access to official documents which effectively prejudiced his case. It is well established that a defendant is entitled on demand to disclosure by the government of evidence favorable to the accused where the evidence is material either to guilt or to punishment. *Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, requiring the State either to determine or disclose information which is arguably exculpatory, or which may become beneficial, or may lead to exculpatory material, is neither within the spirit or letter of the *Brady* doctrine. *U.S. v. Allen*, 513 F.Supp. 547 (W.D.Okla.1981). In addition, there is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigating work on a case. The prosecution is not required to prepare the case for the defense, nor can the defendant search the prosecutor's file for anything potentially favorable. *Castleberry v. Crisp*, 414 F.Supp. 945 (N.D.Okla.1976). The overwhelming evidence of the appellant's guilt, that he was in possession of a stolen vehicle, that he sold the stolen vehicle, and that he transferred title to the vehicle using stolen documents, justifies his punishment.

The appellant argues in his second assignment of error, that the introduction into evidence of a handwritten exemplar and an altered driver's license is highly prejudicial constituting reversible error,

and is evidence of other crimes that should not have been permitted.

■ In reference to the handwritten exemplar, 12 O.S.1981, § 2401 defines relevant evidence as: "Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The introduction of the exemplar was intended to provide proof that the handwriting on the documents in question was the appellant's. We have previously held that if the evidence has probative value which outweighs the danger of prejudice to the defendant the evidence is admissible, and this Court will not conclude that the trial court abused its discretion by allowing the introduction of such evidence. *Holloway v. State,* 602 P.2d 218 (Okl.Cr.1979). For this reason we find that the trial court did not abuse its discretion by allowing the introduction of the appellant's prior handwritten exemplars.

■ As to the altered driver's license, the appellant contends that introducing it as evidence in the trial should not be permitted because it constitutes evidence of other crimes. We find this contention is without merit. Evidence of other crimes may be admitted where it tends to establish motive, intent, absence of mistake or accident, identity, or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Miller v. State,* 630 P.2d 789 (Okl.Cr.1981). In addition, this Court has held that where the offense charged is so connected with other offenses as to form a part of an "entire transaction" evidence of other offenses may be admissible to show the character of the offense charged. *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). In this case the evidence clearly establishes the appellant used the altered driver's license for identification when he sold the van posing as Mark Novotny. Applying the rules above to this case, we conclude that the admission of the altered driver's license was within the court's discretion to estab-

lish the identity of the appellant, and was sufficiently connected with the offenses to be a part of the entire transaction.

■ In his last assignment of error, the appellant contends that the State made improper prosecutorial characterizations of him and his defense witness, and improper comments on the evidence which constituted fundamental error. We initially note that although defense counsel objected to certain remarks made by the prosecution during trial, he failed to request an admonishment to the jury regarding them. Also, comments made during the prosecutor's closing argument were not objected to by the appellant. This Court has held that a defendant must not only object to improper argument, he must also ask for an admonishment, unless the remarks are of such a nature that they cannot be cured. *Wofford v. State,* 584 P.2d 227 (Okl.Cr.1978). In this case, we find no remark so prejudicial that it could not have been cured by an admonishment. In addition, this Court has long held that the right of argument contemplates a liberal freedom of speech and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the appellant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom. Only when argument by counsel for the State is grossly improper and unwarranted upon some point which may affect the appellant's rights can a reversal for improper argument be justified. *Deason v. State,* 576 P.2d 778 (Okl. Cr.1978). After close scrutiny of the prosecution's argument, we find nothing therein which would warrant reversal. Therefore we hold the contention without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.